Howe v. Lawrence.

## HOWE v. LAWRENCE.

1. If a judgment on demurrer be removed by writ of error and affirmed, and the record after judgment of affirmance remitted, the court below are bound by the judgment, which concludes the rights of the parties, and cannot grant leave to amend or withdraw the pleadings, even by the consent of the opposite party.

2. Agreements made by attorneys and counsel, as to the manner of conducting a cause, will be respected and enforced by the court; but such agreements are not legal contracts, and are under the discretion and control of the court: and an agreement wanting in mutuality, and by which, without the consent of his client, an attorney has waived his client's substantial legal right, will not be enforced.

3. Any pleading which takes issue upon an immaterial allegation, will be overruled or stricken out as frivolous. A matter does not become material and issuable by the mere fact of its being averred in pleading.

At the term of April, 1847, thirty-three actions of trespass were instituted in this court, at the suit of different plaintiffs, against Cornelius W. Lawrence. The writs were all issued by the same attorney. The ground of complaint, in each case, was the destruction of the plaintiff's goods, by gunpowder, at the great fire in the city of New York, on the 17th December, 1835. The declaration, in each case, was in the usual form. The defendant appeared in all the suits by the same attorney, and on the 29th of July, 1847, he pleaded, in each case, three several pleas, viz: 1st, the general issue; 2d, a special justification under and by virtue of a statute of the state of New York; 3d, the statute of limitations. By an agreement, bearing date on the 11th of August, 1847, made between the counsel of the respective parties, (the causes being in fact under the control and direction of counsel resident in the city of New York) the plea of the general issue was stricken out in all the causes. To the special justification, there was a general demurrer and joinder in demurrer.

To the plea of the statute of limitations, the plaintiff replied, that at the time when the causes of action accrued the defendant was not resident in this state, but resident in the state of New York, and that the defendant has not been resident in this state for the term of six years, nor for so great a term as six years, since the term when the said several causes of action, or any of them, accrued, and before the commencement of the suit.

The defendant rejoined, that the said several supposed trespasses, in the plaintiff's declaration mentioned, were committed in the state of New York, and out of and beyond the jurisdiction of this state, and that the several causes of action thereon, accrued in the state of New York, and not in this state; and that when the several supposed trespasses were committed, and the said several supposed causes of action accrued thereon, and during all the intervening time, and for a long time after, as well the said plaintiffs as the said defendant were not resident in this state; but resided in the state of New York, or some other of the states of the United States of America; and that the plaintiffs and defendant have ever since resided, and do still reside, out of and beyond the jurisdiction and limits of this state; and that, at the several times when the said supposed trespasses were committed, and the said causes of action accrued thereon, the defendant had not, nor has he since had, any rights or credits, moneys or effects, goods or chattels, lands or tenements, whatsoever, within the jurisdiction of this state. To this rejoinder the plaintiff demurred, and the defendant joined in demurrer.

By an agreement, entered into between the counsel, and signed by the attorneys of the respective parties, bearing date on the 14th of September, 1847, it was agreed, that in all the causes, the defendant should be at liberty to withdraw the plea of the general issue; and that in the two suits brought by the American Print Works and by Thomas Hale, respectively, the plea of the statute of limitations, and the replication and rejoinder consequent thereon, should be withdrawn (those plaintiffs having been in fact residents of the state of New Jersey), and that these two causes should stand upon the special justification, and the demurrer thereto. In the remaining thirty-one causes there were two issues, viz: 1st, upon the demurrer to the defendant's justification testing the validity of the defence under the statute of the state of New York, which was common to all the cases; 2d, upon the demurrer to the defendant's rejoinder to the replication to the plea of the statute of limitations, raising a question upon the construction of the statute of this state.

The Supreme Court, at January term, 1848, overruled both the demurrers, and, no leave having been asked by the plaintiffs to plead over, rendered final judgment in all the causes in favor of the defendants.

Immediately after the opinion of the Supreme Court was announced, a written agreement, bearing date on the 10th day of January, 1848, was signed by the attorneys of the respective parties, of the tenor following:

SUPREME COURT.

Thomas Hale
*v.*
Cornelius W. Lawrence.

George Howe
*v.*
Cornelius W. Lawrence.

It is hereby stipulated and agreed between us, the respective attorneys for the parties, respectively, in the above causes, that a writ of error shall be brought forthwith in each of the said causes, returnable in the Court of Errors and Appeals. and that all necessary papers shall be filed out of time, so as to place the causes in condition to be placed on the calendar, and argued at the ensuing January term of the said court; and we hereby agree to waive, and hereby waive, all irregularities in the steps taken to effect such purpose; and if the judgment of the Supreme Court be reversed, we hereby agree that such judgment as shall be entered in the Court of Errors and Appeals in the case of Thomas Hale *v.* Cornelius W. Lawrence, shall also be entered in the case of the American Print Works against Cornelius W. Lawrence, and that such judgment as shall be entered in the said court in the case of George Howe against Cornelius W. Lawrence, shall also be entered in the thirty other cases brought at the same time, in the Supreme Court, against the said Cornelius W. Lawrence, and which were argued together, in the said Supreme Court, with the said above entitled causes; but that the said defendants, respectively, shall then have leave to amend their plea, such leave not to embrace the right to put in a new plea; and further, should the judgment of the Supreme Court be affirmed

in either of the above entitled causes, it is herein stipulated and agreed, that in the cause in which judgment is so affirmed, and in all similar causes, as above mentioned, the plaintiffs, respectively, may enter by consent a rule in the Supreme Court on this stipulation, giving them leave to traverse and deny the plea of the defendant in an issue of fact.

At the term of October, 1848, (a) the Court of Errors and Appeals pronounced their opinion, reversing the decision of this court upon the demurrer to the plea of justification, but affirming that decision of this court upon the demurrer to the rejoinder of the defendant under the plea of the statute of limitations.

The following order and remittitur were thereupon entered in this cause : " It is ordered and adjudged, that 'the said first plea of the said defendant, in manner and form aforesaid by him firstly above pleaded, with the matters therein contained, is not sufficient in law to bar or preclude the said plaintiff from having or maintaining his aforesaid action against him, the said defendant : but that the said rejoinder of the said defendant, in manner and form aforesaid by him above rejoined, with the matters therein contained, is sufficient in law to bar or preclude the said plaintiff from having or maintaining his aforesaid action against him, the said defendant ; and it is further ordered and adjudged, that the record and proceedings therein be remitted to the said Supreme Court, to the end that the said court may proceed thereon according to law." Pursuant to the agreement, a like order and remittitur were made in thirty other cases, in which the same issues were joined.

Upon the return of the record and the filing of the remittitur in this court, on the first day of November, 1848, the following rules were entered in the minutes of this court, viz : " The above causes, respectively, being remitted from the Court of Errors and Appeals, it is ordered that remittiturs be filed, &c. On motion of B. W., attorney of defendant."

" On reading and filing remittiturs from the Court of Errors and Appeals in the above causes, respectively, and likewise a consent of the respective attorneys, it is ordered, that the

(a) See *Sup.*, vol. 1, 714.

plaintiffs in all the said causes, respectively, have leave to surrejoin to the rejoinder of the defendants to the replication to the defendant's second plea within thirty days. On motion of A. C. M. P., attorney of plaintiffs."

It was admitted, upon the argument, that the entries, as well of the order and remittitur in the Court of Appeals as of the orders of this court, were made by and under the direction of the counsel of the plaintiffs, in the absence of the attorney of the defendant, and without any motion having been made by him or on his behalf in this court upon the return of the record.

In pursuance of the rule thus entered, the plaintiff, in each of the thirty-one cases in which the judgment was for the defendants, on the 25th of November, 1848, filed a surrejoinder, wherein it is averred, that at the several times when the said several trespasses in the said declaration were committed, and the said several causes of action accrued thereon, and during all the intervening time, and for a long time after, both the said plaintiff and the said defendant did not reside in the state of New York, nor did they both reside in any other and the same state of the United States of America, in manner and form, &c.

At the term of January, 1849, the defendant, upon notice previously given, applied to the Supreme Court to vacate the rule of October term, 1848, giving the defendant leave to surrejoin, and also to strike out the surrejoinder thereupon filed.

Argued before the whole court, by *B. Williamson* and *Hornblower*, for defendant, and *W. Van Wagenen* and *Vroom*, for plaintiffs.

The CHIEF JUSTICE. The Court of Errors and Appeals having affirmed the judgment of this court upon the demurrer to the defendant's rejoinder, under the plea of the statute of limitations, that judgment is final, and concludes the rights of the parties, both in that court and this.

The parties do not now stand in the position they would have done, had the application to amend been made immediately upon the rendry of the judgment in this court. The

judgment of the Court of Errors having intervened, this court has no power to permit an amendment of the pleadings, even with the consent of the attorney of the defendant.

The judgment of the Court of Appeals upon the affirmance was, and of necessity must have been, " that the defendant go thereof without day." The clerical error in the entry of the judgment must be disregarded. The judgment was final, and conclusive upon the rights of the parties.. This court has no power to vacate that judgment, or to treat it as a nullity.

The right of the plaintiff to amend, was, upon the argument, based entirely upon the consent of the defendant's attorney contained in the written agreement of the 10th of January, 1848. That agreement, it is insisted, was a valid contract between the attorneys, founded upon good consideration, and made for the mutual benefit of the parties; that it is therefore a contract which is legally binding upon the parties, and which, at any rate, this court ought not to permit to be violated to the prejudice of either party.

Justice requires that agreements fairly made between attorneys or parties in the progress of a cause, relating to the conduct of the suit, should be fairly and faithfully enforced, not because they are technically contracts, and legally binding upon the parties, but because the administration of justice is thereby facilitated.

An agreement to waive an irregularity, to postpone or delay a trial, to take short notice of argument, to permit a cause to be brought to hearing summarily, these, and arrangements like them, do not partake of the essence of legal contracts. They are founded upon no consideration, they require no mutuality, if violated no action lies for their breach. The court may refuse to enforce them, unless reduced to writing and filed, or they may enforce them, in whole or in part, at their discretion. In short, they are regarded as a part of the machinery for the conduct of the cause entirely under the control of the court, and they will be enforced, or not, as the substantial rights of the parties and the ends of justice may require. And, undoubtedly, in the exercise of this discretion, courts will see that if a mutual agreement be made or a consent be

given, or a waiver of right be made upon one side, in considera-
tion of a consent or a waiver of right upon the other, that it
shall not be partially enforced, to the prejudice of the rights of
either. This, it is insisted, is the case with the contract between
the counsel in this cause, that it has been partially performed,
and must now be performed in full. But is this so?

What are the stipulations of this agreement? That writs of
error shall be forthwith brought in two, of thirty-three cases,
from the judgments of this court; that all necessary papers
should be filed out of time; that the causes should be set down
for argument at the ensuing term of the Court of Errors (within
ten days from the date of the agreement); that all irregularities
in the steps taken to effect this purpose should be waived; that
the same judgment entered in the case of Thomas Hale should
be entered in one other cause similarly circumstanced, and that
the judgment in the case of Howe should be entered in thirty-
one other cases similarly circumstanced to it. In case judgment
be reversed, that the defendant have leave to amend his plea,
but not to file a new plea, and if the judgment be affirmed, the
plaintiff be at liberty to traverse the *defendant's* plea in an issue
of fact.

At the time of signing this agreement, the defendant was
in the possession of the final judgment of this court in thirty-
three causes. The defendant's counsel thereupon agrees that
writs of error shall be forthwith brought, and set down for ar-
gument; that every irregularity shall be waived; that all de-
lay shall be obviated; that every obstacle shall be removed
from the path of the plaintiff, and every facility afforded him
in procuring a reversal, and, finally, that if the plaintiff in error
fail in procuring a reversal of the judgments in this court by
the judgment of the Court of Errors, the defendant consents
that these judgments be vacated, and the litigation commenced
anew. The only clause in the agreement which, even in ap-
pearance, favors the defendant is, that in case of a reversal the
defendant shall be at liberty to amend his plea, but not to
plead anew. Upon any construction of this clause, it gave the
plaintiff simply what the court would have granted much as a
mere matter of course, and upon the construction contended

for by the plaintiff; it was not a concession, but a limitation of the defendant's right. It restrained him even from asking leave to plead anew.

I see, therefore, no mutuality in the agreement; it is wholly in favor of the plaintiff. It is an agreement which, independent of the last clause, under the circumstances of the case, considering the position of the cause and the immense interest at stake, considerate counsel would have hesitated to enter into without the express assent of his client, and which, including that clause, no counsel, with a full understanding of his client's rights and of the character and effect of the agreement, and acting in good faith, ever would have made.

The stipulation to waive the judgment of this court, affirmed in the Court of Errors, was not an agreement for the conduct of the cause : it was a deliberate surrender of his client's rights, a surrender which I conceive the counsel had no power to make, and which, if he had the power, justice would never permit to be enforced. Disregarding the oath of the counsel, by whom this agreement was made, as to the design of the agreement, and the understanding upon which it was entered into ; looking solely at the agreement itself, and the circumstances under which it was made, it seems to me impossible to escape the dilemma forcibly propounded to the court by that learned counsel upon the argument. Either the agreement must have been entered into by the counsel of the defendant, under some misapprehension of its character, in which event it is not his agreement, or it must have been founded upon some corrupt consideration, in which event it is utterly void. The high character of the counsel, upon both sides, forbids all imputation of fraud or corruption. The alternative remains, that the agreement was entered into under some mistake or misapprehension, and ought not to be enforced by the court. I think, therefore, admitting the power of the court now to give effect to the agreement, and the power of the attorney to enter into it, a due regard to justice and the rights of the parties forbid that it should be enforced.

There is one aspect of this case in which it may be suggested, that, by possibility, the rights of the plaintiff may be

prejudiced by this view of the effect of the agreement. It may be said, that if this agreement had not been entered into, and the consent to amend after the affirmance, been given, that the plaintiff would have abandoned his writs of error, and moved for leave to withdraw his demurrer and to surrejoin, to which motion he would then clearly have been entitled. No such intimation has been made, nor is it at all probable, from the character of the pleadings, that such course would, under any circumstances, have been taken, because thereby the material question upon which the rights of the parties depended would have been left wholly unsettled. Still, it is a possible contingency, and in that event, however difficult or impossible it might be for this court to afford relief, substantial justice would seem to require that the plaintiff should not be prejudiced by the agreement, and that he should be permitted to amend his pleadings.

As the interests at stake in these causes are great, and as it is in every view desirable that they should be settled upon the broadest ground of right and justice, it may not be improper, conceding that the view already expressed be erroneous, to consider the character of the pleading and the nature of the issue sought to be made by this surrejoinder.

The plea was the statute of limitations, to which there was a replication, rejoinder, and demurrer. The question presented by the demurrer, upon which judgment has been rendered, was, whether the provision of the act of 1820 (*Rev. Laws*, 670), that the statute of limitations should not run against the plaintiff while the defendant was absent from the state, operated only in favor of creditors or plaintiffs who reside here or whose cause of action accrued within this state, or whether it extended, also, to causes of action which arose without the jurisdiction of the state, and operated in favor of non-resident plaintiffs. That was the point presented by the pleadings, argued by the counsel, and decided by the court. It was the same point that was decided in *Beardsley* v. *Southmayd*, 3 *Green* 171, and subsequently reaffirmed in *Taberrer* v. *Brentnall*, 3 *Harr.* 262. The replication, in terms, avers that the trespasses were committed in the state of New York, and

out of and beyond the jurisdiction of this state; and when the several causes of action accrued, and for a long time thereafter, as well the plaintiffs as the defendants were not residents in this state, but resided in the state of New York, or some other of the states of the United States of America. The material averment of the pleading is, that the causes of action arose without the jurisdiction of this state, and that the parties, plaintiff and defendant, were non-residents of this state. The surrejoinder now filed by the defendant, without traversing either of these material averments, simply avers, that at the time the causes of action accrued, and afterwards, both the plaintiff and the defendant did not reside in the state of New York, nor did they both reside in any other and the same state of the United States of America; thus seeking to raise the issue, not whether the parties were or were not residents of this state, but the totally irrelevant and immaterial issue, whether they resided in New York or Connecticut, or whether they both resided in the same state or in different states. Either issue is alike immaterial and irrelevant. But it is said that the defendant made the matter material by the form of his rejoinder, thereby averring that the parties both lived in the same state. True, but does every averment in a plea make the matter material? If so, there can be nothing superfluous in pleading. Every averment becomes material and issuable, whereas many averments are neither material nor issuable. There is an averment in this rejoinder, that the trespass was committed in New York, and that the parties resided in some one of the United States, but would it therefore be competent for the plaintiff to answer that the trespass was committed not in New York, but in Connecticut, or that the parties resided not in any one state of the United States, but in the District of Columbia, the territory of Iowa, or the island of Cuba? The case is too plain to admit of argument. The averments are neither traversable nor material.

The surrejoinder is utterly frivolous, and we should feel constrained upon this ground, independent of all others, to order it to be stricken out.

The surrejoinder must be stricken out, the rule of this court

allowing the surrejoinder to be filed, must also be vacated and set aside, as improvidently entered.

Inasmuch, however, as the difficulty has been induced by the act of the defendant's counsel, the rule is ordered without costs, each party to pay his own costs. As the amended pleas in the cause were filed under a misapprehension, the defendant has leave to withdraw them.

Let a rule be entered vacating the rule of October term, 1848, and striking the surrejoinder from the files, but without costs, the amended pleadings to be withdrawn; all other proceedings in this cause, if any there be since the entry of the remittitur, to be stricken out, and the judgment of this court, as affirmed in the Court of Appeals, to stand in all things ratified and confirmed.

Let the same rules be also entered in the thirty-one other cases similarly circumstanced.

CARPENTER, RANDOLPH, and OGDEN, Justices, concurred.

NEVIUS, J. These actions were also commenced in this court against the same defendant, and founded on the same alleged act of trespass charged in the next preceding cases. In these, besides the special plea of official justification, the defendant also pleaded the statute of limitations. To the first of these pleas, the plaintiff filed a general demurrer, and to the second, he replied, " that when the cause of action accrued, the defendant was not a resident in the state of New Jersey, but resided in the state of New York, and that he had not been resident in the state of New Jersey, for the term of six years, or for so great a term as six years, since the cause of action accrued, and before the commencement of these suits. To this the defendant rejoined, " that the supposed trespasses were committed in New York, and without the jurisdiction of this state, and the several causes of action thereon accrued in New York ; and that when the said trespasses were committed, and the said cause of action accrued, and during all the intervening time, and for a long time after, as well the said plaintiff as the said defendant were not resident in this state, but resided in the state of New York, or some other of the states of

the United States of America; and that as well the said plaintiff as the said defendant have ever since resided, and still do reside, out of and beyond the jurisdiction of this state," &c. To this rejoinder the plaintiffs also filed a general demurrer, and upon the argument of these several demurrers before this court, in the case of *Howe* v. *Lawrence,* both were overruled by the judgment of the court in the term of January, 1848. After that judgment had been announced, *to wit,* on the 10th of January, the counsel and attorneys of the respective parties entered into a written stipulation, " that writs of error should be brought in the thirty-one causes; that all necessary papers should be filed out of time; that the causes might be argued at the ensuing January term of the Court of Errors and Appeals; that all irregularities should be waived in order to effect that object, and that if the judgment of the court should be reversed in the case of *Howe* v. *Lawrence,* the like judgment should be entered in thirty other cases; and that in such event the defendant might amend his plea in all the cases, but not file a new plea; and if the judgment should be affirmed in said case, the like judgment should be entered in the other cases; and that the plaintiffs, respectively, might enter a consent rule in this court giving them leave to traverse and deny the plea of the defendant in an issue of fact."

After this stipulation was signed, the case of *Howe* v. *Lawrence* was argued in the Court of Appeals, and in the term of October, 1848, that court, by their judgment, sustained the demurrer to the special plea of justification, and overruled the demurrer to the plea of the statute of limitations. The cause being remitted to this court, the plaintiff entered a rule in conformity with the above stipulation, and filed a surrejoinder, taking issue on a fact averred in the rejoinder. On the 1st of December, 1848, the defendant filed new pleas, in this and the other like cases, of the same import with those mentioned in the case of *Hale* v. *Lawrence.* The defendant now moves the court—

1st. To strike out the surrejoinder as frivolous, insisting that it is taking issue on a fact not averred in the rejoinder.

2d. He insists that these stipulations ought not to be carried

out, because they were made without consideration on his part, and were unfairly obtained, and because the legal effect of over-ruling the demurrer to the rejoinder is a final judgment in his favour, which this court cannot set aside.

3d. The plaintiffs move that the pleas filed on the 1st of December, 1848, be stricken out, because they are new pleas, and filed in violation of the stipulation ; or if the court should be of opinion that they should stand as pleas of record, they insist that such pleas are a waiver of the plea of the statute of limitations, and that the plea of the statute should be stricken out, and are willing to accede to either alternative.

And first, as to the motion to strike out the surrejoinder as frivolous. That the court has power to strike out sham or fri-volous pleas, is too well settled to admit of debate ; but I ap-prehend that such power is seldom exercised, except in cases, where the pleading is clearly so, and not where the question admits of serious argument, and much less where there should be a difference of opinion among the judges themselves on the question, whether a plea is or is not frivolous. Without mean-ing to decide now whether the surrejoinder filed by the plain-tiff is a valid, legal, and available answer to the defendant's rejoinder, *if true*, I will only inquire whether it is frivolous. What is the fact averred in the rejoinder that this plea attempts to answer ? It is, " that when the said supposed trespasses were committed, and the said causes of action accrued, and during all the intervening time, and for a long time after, as well the said plaintiff as the said defendant were not resident in this state, but resided in the state of New York, or some other of the states of the United States of America." Here is an averment, which the pleader deemed material, and if so, his adversary has a right to deny it, if permitted to notice it at all. He did not deem it sufficient to allege that both parties were non-residents in New Jersey when the causes of action accrued, but added that they were both residents of the state of New York, or some other of the states. Without intending now to settle the true meaning and construction of this latter allegation, I cannot resist the impression that the fair gramma-tical construction is, that both parties resided, and continued to

reside, in one and the same state. And if that was not the true intent of the pleader, it is equally difficult to resist the conviction that he meant the averment to be equivocal. In *Southmayd* v. *Beardsley* (upon which the pleadings in these cases seem to have been framed) the allegation was, that both parties' resided in the state of Connecticut when the cause of action accrued, and continued to reside there; and it was upon this allegation, I apprehend, that the court sustained the defence of the statute of limitations. It is, therefore, fairly to be presumed that the defendant's counsel intended to bring himself, or to induce the belief that he had brought himself, within the scope of that decision, for he must be a bold pleader who would venture beyond that. Considering, therefore, the fact, that the pleadings in *Beardsley* v. *Southmayd* seem to have been the precedent for the pleadings here, and considering, also, the language of this rejoinder, it is no injustice to the counsel to say, that he intended to allege in his defence, that when the cause of action accrued both parties were resident in the same state, and continued to reside in the same state, or, at least, intended the opposite counsel should so understand him. This, then, was esteemed an important and material fact. I esteem it a material fact, and one which the plaintiffs in these cases, by the terms of the stipulations above mentioned, may take issue upon. But it has been argued that this rejoinder has not only been sustained by the court of Errors and Appeals, but that *that court* also adjudged it would have been good, if it had averred only that when the action accrued both parties resided out of and beyond the limits of the state, and continued so to reside. I do not so understand the decision of that court, and sincerely hope I am not in error upon this point. Whatever may have been the opinion of one or more of the members of that court, I feel assured that the majority of the court intended to settle only the issue before them, and never intended to exceed their authority in going beyond that issue. And even if a majority of that court did entertain and express opinions without that issue, such opinions are not binding upon this court. I think the motion to strike out the surrejoinder ought not to prevail, but that the defendant, if he

cannot safely take issue upon it, should be put to his demurrer, if he sees fit.

2d. As to the motion, that this court should disregard the stipulation of the 10th of January, 1848, as having been unfairly obtained without consideration, and that the defendant be declared to be entitled to final judgment in all these cases, I remark, that upon a careful examination of the evidence taken on these motions, I have not been able to discover any ground for the charge of fraud or unfairness on the part of the counsel of the plaintiff in procuring such stipulation. What I have already said on this very point, which was also involved in the case of *Hale* v. *Lawrence*, I here refer to. (*a*)

Upon the question of consideration, I remark, if the stipulation is clear and unequivocal in its terms, and not procured by fraud or misrepresentation, or any unfair means, I cannot perceive that we are bound by any rule of law or practice to inquire into that. If counsel, in the conduct and management of a suit, see fit to enter into written stipulations touching the pleadings or the mode of proceeding, I know of no rule that requires us to constitute ourselves guardians for either party, and to adjudge such stipulation void because we cannot distinctly see a consideration, or an adequate consideration, for it. Stipulations between counsel touching the management of a cause may be voluntary, and not the less obligatory on that account. But if we were called upon to make an inquiry whether there was a consideration for the stipulation in question, I can easily conceive a fair and sufficient inducement on the part of the defendant to enter into such a stipulation. Here were a large number of suits commenced against the same defendant, and all based upon the same alleged act of trespass. These, we may presume, were all brought in good faith, and involved not only a large amount of property, but great and important questions of law, upon which different opinions had already been expressed by the judges of the highest tribunals of a neighboring state. The defendant employed eminent and honorable counsel of his own state, as well as this, to conduct his defence. In the performance of their professional obliga-

(*a*) *Ante*, page 35.

tions; and, as we are bound to believe, with a full knowledge of their client's case, they determine to cast his defence on two grounds, official justification and the statute of limitations. After placing themselves deliberately on these defences, involving, in their opinion, the true questions in these causes, was there any thing wrong, unfair, or unprofessional, or hostile to the true interest of their client, in stipulating that both these questions should be fairly, fully, and thoroughly argued before, and examined and adjudged by the tribunal before which they were pending, or before which they might be carried by appeal, without regard to technical form? Surely not. Counsel are not only justified in making such stipulations, but I deem it the duty of honorable practitioners to enter into such agreements, if necessary to effect such an object. What, then, may we presume to have been the great ruling object which all the counsel concerned in these cases kept steadily in view, both in the prosecution and the defence? Clearly the settlement of the great questions which they involved, by the tribunal before which they were pending, unembarrassed by any technical rules of practice. Does this stipulation go beyond any such fair, honest, and lawful purpose? I think not. The plaintiffs said, you have chosen the grounds upon which you mean to rest your defence, you have confidence in their merits, and of being able to sustain them, now if the court of last resort shall affirm the judgment you have already obtained in your favor on the legal question, I ask the privilege to take an issue in fact with you. Was it an unreasonable request? Was it unreasonable to grant it? Was it doing any injustice to the defendant? Was it corrupt in counsel to accede to such proposal? By no means: it was no more than plaintiff's counsel might properly ask, or defendant's counsel grant, and no more than this court would have granted, on a proper application, so far, at least, as regards the special plea of justification. On the other hand, should the judgment of the Court of Appeals be against you, that is, if the judgment of the Supreme Court be reversed, you shall be at liberty to amend your plea, but not have liberty to file a new plea, to present a new and distinct issue, for if you had any other legal defence,

you should have advised us of it in the outset, and not delayed us by filing these pleas alone. There was nothing wrong in this proposition, no matter from which side it came; it was fair in itself, and fairly agreed to by both parties. Will this court, then, interfere and say, that because counsel have now changed their opinion, we will set aside this stipulation? I can see no reason why we should. For aught that appears, the counsel on both sides were equally aware of the nature and effect of this stipulation : in my opinion, neither the law nor the justice of the case requires us to set it aside.

But it is insisted by the defendant that the judgments of affirmance in the Court of Errors and Appeals, on the demurrer to the plea of the statute of limitations, are final judgments, and the records being remitted to this court, we have no power to permit the plaintiffs to take an issue in fact upon that plea or rejoinder, but only to carry into effect such judgments by issuing executions for recovery of costs. This would certainly be so, were it not for the stipulations we have been discussing. It was in pursuance of the stipulation of the 10th of January, 1848, that writs of error were brought in all these cases, and it is by virtue of that stipulation, and that only, that judgments were rendered in thirty, out of the thirty-one cases, taken up by writs of error. The agreement is, that such judgment as shall be rendered in the case of Howe, shall also be rendered in all the other like cases. Without this agreement between counsel, such judgment would not, and could not, have been rendered in the thirty cases, for they were not moved nor discussed in the Court of Appeals. Without this agreement, we have no reason to suppose that writs of error would have been brought in all these cases, but that the plaintiffs would have applied to this court, after its judgment on the demurrer, for leave to take an issue in fact on the defendant's plea, which, I apprehend, would have been granted. When these causes were taken to the Court of Appeals by writs of error, they were subject to that stipulation, and if that stipulation was valid and legal, it followed the causes into that court, (no matter in what court it was entitled) and after judgment and remittitur of the record here, the stipulation is again here, is part

of the proceeding in the causes; and this court, in my opinion, has not only the right, but is bound in justice to the parties, so to modify the judgments as to carry out and enforce the stipulation. Whatever may be the form of the entry in the court above, its true substance is, judgment on the demurrer in favor of the defendant, subject to the right of the plaintiffs before secured, to take an issue in fact. The legal consequence, to wit, the finality of the judgments, is suspended, or rather avoided, by the express agreement between the parties, which neither the Court of Appeals nor this court has a right to disregard. Surely this court will not hold the plaintiffs to a technical and formal judgment against them, in direct violation of the defendant's written stipulation, and give him the benefit of a plea never favored in law, and now alleged in the surrejoinder to be untrue in fact. To treat these judgments as final and conclusive against the plaintiffs, will be to give to the defendant the whole benefit of the stipulation, and deny to the plaintiffs the right which was secured to them by the same stipulation. There is no rule of law better settled, and none can be more equitable and just, than that where a party in a cause is relieved from his own stipulations, the adversary should be restored to all the rights he had when such stipulations were entered into. To apply the rule in these cases. If the plaintiffs are not permitted to take an issue in fact, according to the agreement, they should be restored to the situation they were in when the agreement was made; and this will relieve the plaintiffs from the judgment in the thirty like cases, and leave them now to apply to this court for leave to take an issue in fact.

But it is argued that, as the judgments are in the superior court, and the record has been remitted here, this court has no other power over them than to enforce them by execution. It is true we cannot, of our own mere motion, alter or modify the judgment of the higher tribunal; but the record being here, I apprehend we have the right to give it such effect as the parties themselves agree it shall have, if not in violation of any rule of law or right of another court; and it matters not whether such agreement be made before writ of error

brought on after the cause is again sent down. I think this court ought not to treat these judgments as final, but hold the defendant to his stipulation, and permit the surrejoinders filed in these cases to stand.

3d. The remaining question is presented, on motion of the plaintiffs' counsel, to strike out the new plea filed by the defendant in these cases. Filing these pleas was certainly against the defendant's own stipulation; but as his counsel now allege that they were filed by mistake, and ask leave to withdraw them, I am of opinion that he should have liberty to do so; and am further of opinion that the rejoinder and surrejoinder in these cases should stand as pleas of record, and that the defendant be at liberty to amend his special plea of justification in thirty days.

Motions of defendant granted.

CITED in *Hogencamp* v. *Ackerman*, 4 *Zab*. 137.