RAYMOND WOOD v. FRANK LESLIE.

1. Statute of limitations.
2. The cases of *Beardsley* v. *Southmayd,* 3 *Green* 171; *Taberrer* v. *Brentnall* 3 *Harr.* 262; and *Hale* v. *Lawrence,* 1 *Zab.* 714, must be regarded as the settled law of the state.
3. Pleading. Amendment.

Wood v. Leslie.

On demurrer to rejoinder.

The declaration contaiued special counts upon promissory notes, and also the common counts.

Pleas—general issue and statute of limitations to the whole declaration.

Replication—that the defendant, at the time of making said promises, was non-resident, and had not resided in this state since the making, for the period of six years.

Rejoinder—that the promises in the declaratiou mentioned were made to Derrickson & Clapp, and that the defendant, at the time of making the promissory notes, and from thence until the commencement of this suit, has been a resident out of this state, and in the State of New York, where said notes were made and executed, and that said notes were held and owned by Derrickson & Clapp for more than six years after they had matured, who, during all that time, were residing out of this state, and in the State of New York ; and that they came to the hands of the plaintiff after they had been so held by Derrickson & Clapp for more than six years.

Argued at February Term, 1872, before the CHIEF JUS-TICE, and Justices SCUDDER, VAN SYCKEL, and WOODHULL.

For plaintiff, *S. B. Ransom.*

For defendant, *C. H. Winfield.*

VAN SYCKEL, J.   In *Beardsley* v. *Southmayd,* 3 *Green* 171, the claim was held to be barred where the parties had all resided in the State of Connecticut for more than six years after the cause of action accrued.   In *Taberer* v. *Brentnall,* 3 *Harr.* 262, the cause of action arose in England, where both parties resided, and it was held that the statute continued to run, although the defendant moved into this state before the lapse of six years.   The cases were adhered to in the

court of last resort, in *Hale* v. *Lawrence*, 1 *Zab.* 714, and must be regarded as the settled law of the state.

The only distinction between this case and *Beardsley* v. *Southmayd* is, that after the statutory period of limitation had fully run, the notes were passed to plaintiff. The right of action upon the notes having been barred, that infirmity cannot be removed by passing them into other hands.

The facts stated in the rejoinder show that the notes sued upon are within our statute, and therefore the allegation that they are barred by the statute of New York may be rejected as surplusage. The rejoinder that the promises stated in the common counts were made to Derrickson & Clapp, is, in effect, an allegation that they did not promise the plaintiff, and amounts to the general issue. The rejoinder, in that respect, is vicious.

The defendant may amend, upon the payment of costs.

The CHIEF JUSTICE, and Justices SCUDDER and WOOD-HULL concurred.