# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### ITALIAN DISCOUNT & TRUST CO. v. MERCHANTS' NAT. BANK.

(Circuit Court of Appeals, First Circuit. October 24, 1923.)

#### No. 1611.

**1. Pleading ⬯214(4)—Demurrer does not admit inferences drawn from facts alleged.**

While a demurrer admits all of the facts well pleaded, it does not admit inferences involving questions of law based on facts stated in the declaration.

**2. Guaranty ⬯9—Correspondence held not to constitute guaranty.**

A letter written by a bank to another in sending a customer's draft, which it had indorsed, for discount, *held* to contain nothing which bound it as guarantor of the draft, in addition to its liability as indorser.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action at law by the Italian Discount & Trust Company against the Merchants' National Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

Caruthers Ewing, of Memphis, Tenn. (Dunbar F. Carpenter and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., and Ewing, Alley & Voorhees, of New York City, on the brief), for plaintiff in error.

George K. Gardner, of Boston, Mass. (Goodwin, Procter, Field & Hoar, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a writ of error to the District Court for the District of Massachusetts to reverse a judgment sustaining a general demurrer of the defendant in error to the declaration. For convenience the parties will be designated as they were in the court below.

The declaration to which the demurrer was sustained set out the following facts in its third count, the only one with which we are con-

cerned: On October 17, 1919, the plaintiff issued its letter of credit (No. 106) for $10,000 to the defendant, in favor of the Richardson Leather Company, agreeing to honor a draft on plaintiff for the account of Lugi di Bassi, a citizen of Palermo, Sicily, to cover a shipment of leather to be made to said Bassi at Palermo, Sicily, by the Richardson Leather Company. This letter of credit was issued on the responsibility of the Banca Italiana di Sconto, a bank at Palermo, Sicily. Said Bassi, however, desired to purchase of the Richardson Leather Company leather in excess of $10,000 and on October 29, 1919, the defendant requested the plaintiff to guarantee a draft for the entire shipment, to wit, $18,480.83.

The plaintiff transmitted the defendant's request to its correspondent in Palermo, which replied that it would guarantee the draft provided credit documents were in order.

On October 31, 1919, the plaintiff wired the defendant that the consignee of the goods would guarantee the payment of the excess over the letter of credit, to wit, $8,480.83, and also notified the Richardson Leather Company that its correspondent, the bank at Palermo, would guarantee payment of this sum provided credit documents were in order. Defendant telegraphed plaintiff on October 31, 1919, that it was unwilling to accept the guaranty of said Bassi. The Richardson Leather Company then drew a draft on the plaintiff for $18,480.83, which plaintiff refused to pay.

On November 19, 1919, plaintiff wired defendant that it would pay $10,000 represented by the letter of credit; but as to the additional $8,480.83 it would only pay the same if the defendant would guarantee the plaintiff against loss to the extent of this additional amount. Plaintiff's telegram to the defendant was as follows:

"Letter of credit 106 second wire October 31st thru Chase National Bank states clearly Bansconto Palermo guarantees payment of dollars 8480 we made no mention of negotiations of draft under terms our credit we can pay only $10,000 willing negotiate beneficiary sight draft on Libassi with your indorsement provided you guarantee payment interest and charges if not collectible from Libassi."

After receipt of this telegram the Richardson Leather Company drew a draft on Luigi di Bassi for $8,480.83 payable to its order, which was indorsed by it and also by the defendant. A separate draft to cover the letter of credit of $10,000 was likewise drawn, and the defendant transmitted said drafts to the plaintiff with the following letter:

"Boston, Mass., November 20, 1919.

"Italian Discount & Trust Company, Broadway and Walker Street, New York City—Gentlemen: We are inclosing herewith the Richardson Leather Company's draft on yourselves for $10,000 and their draft on Luigi Libassi, of Palermo, Sicily, for $8,480.83, attached to both of which you will find three bills of lading (one full set), one invoice, and two insurance certificates including war risk (in duplicate) pertaining to a shipment of nine cases of patent upper leather which are drawn against your letter of credit No. 106 issued by the Banca Italiana di Sconto, Palermo, Sicily.

"We understand that the draft for $10,000 will be paid by you in New York, while the draft for $8,480.83 is to be discounted by you, and you will kindly deposit the face amount of these two drafts, namely, $18,480.83 plus $9.24—our

commission of ½ per cent.—for our credit with the Chase National Bank, New York.

"You will note that the draft for $8,480.83 is drawn payable with exchange and all collection charges and stamp charges plus interest at the rate of 6 per cent. per annum from date of draft until date of arrival of cover in Boston, but should the drawees refuse to pay the interest you will collect the face amount of the draft for us and we shall endeavor to collect the interest from the Richardson Leather Company of Boston.

"You will also note that the draft in question overdraws the letter of credit by $0.83, but we do not insist upon payment of this overdraft, if objectionable to the drawees.

"As per your telegrams of October 31 and November 19 payment of this draft is guaranteed by the Banca Italiana di Sconto, Palermo.

"Yours very truly,

"CJS/MB                                                    C. J. Swenson,
"Inclosures.                                      Manager Foreign Department."

The declaration avers that the plaintiff relying on what it terms the guaranty of the defendant that it "should be made whole on account of any moneys it might pay out of said draft," paid the defendant the sum of $8,480.83 in addition to the amount embraced in the letter of credit for $10,000, and transmitted said draft in due course and through the ordinary channels to Palermo for collection.

When this draft reached the Banca Italiana di Sconto, with which bank the drawee, Bassi, did business, the amount of the draft as well as the amount paid under the letter of credit, in all the sum of $18,480.83, was charged to the drawee's account with that bank under reservation made by Bassi, who objected to the documents presented.

Upon obtaining the documents incident to the shipment said Bassi discovered that the leather in payment for which the drafts were drawn arrived at Naples instead of Palermo, badly damaged and some of it stolen, and he declined to recognize the debit to his account by the Sicilian bank, thereby refusing payment of draft and letter of credit. The defendant was notified of this reservation and made no objection thereto. Bassi sued the Sicilian bank and recovered a judgment for $7,194.03, which was paid by the bank, and the declaration avers that the plaintiff was forced to and did reimburse the Sicilian bank and looks to the defendant on its guaranty as set forth. It also averred that the documents attached to the draft and the original draft itself was surrendered by the Sicilian bank, correspondent of the plaintiff, to Bassi and were used in the action brought by Bassi against the Sicilian bank, and that the plaintiff is unable to obtain the same in order to make profert of them.

[1] The declaration avers that on account of the matters set forth the defendant is liable to the plaintiff on its guaranty aforesaid in the sum of $7,194.03, with interest from November 25, 1919, the date of the demand. The defendant demurred, generally, and its demurrer was sustained by the District Court. While the demurrer admits all of the facts well pleaded it does not admit inferences involving questions of law based upon facts which are stated in the declaration. Dillon v. Barnard, 21 Wall. 430, 437, 22 L. Ed. 673; Gould v. Evansville, etc., R. R. Co., 91 U. S. 526, 23 L. Ed. 416; United States v. Ames, 99 U. S. 35, 25 L. Ed. 295; Hitchcock v. Buchanan, 105 U. S. 418, 26 L. Ed.

1078; Pullman's Palace Car Co. v. Missouri Pac. Ry. Co., 115 U. S. 587, 597, 6 Sup. Ct. 194, 29 L. Ed. 499; Pennie v. Reis, 132 U. S. 464, 470, 10 Sup. Ct. 149, 33 L. Ed. 426.

See, also, Swift & Co. v. Hocking Valley Ry., 243 U. S. 281, 289, 37 Sup. Ct. 287, 61 L. Ed. 722.

[2] The question therefore presented is whether a guaranty can be found in the telegram of plaintiff and letter of defendant, read in the light of all the surrounding circumstances stated in the declaration. The telegram is necessarily abbreviated; but in it the plaintiff states:

"We can pay only $10,000 willing negotiate beneficiary sight draft on Libassi with your indorsement provided you guarantee payment interest and charges if not collectible from Libassi."

The defendant in its letter states:

"We understand that the draft for $10,000 will be paid by you in New York, while the draft for $8,480.83 is to be discounted by you, and you will kindly deposit the face amount of these two drafts, namely, $18,480.83 plus $9.24—our commission of ½ per cent.—for our credit with the Chase National Bank, New York."

The letter also states that the draft for $8,480.83—

"is drawn payable with exchange and all collection charges and stamp charges plus interest at the rate of 6 per cent. per annum from date of draft until date of arrival of cover in Boston, but should the drawees refuse to pay the interest you will collect the face amount of the draft for us and we shall endeavor to collect the interest from the Richardson Leather Company of Boston. * * *"

"As per your telegrams of October 31 and November 19 payment of this draft is guaranteed by the Banca Italiana di Sconto, Palermo."

The plaintiff avers that it paid this draft "relying on the guaranty of the Merchants' National Bank that the plaintiff should be made whole."

We cannot find in the telegram or letter any promise of the defendant to guarantee payment of the draft. The plaintiff in its telegram stated that it was willing to negotiate the draft with the defendant's indorsement provided, in addition to its indorsement, it would guarantee payment of interest and charges if not collectible from Libassi. With the defendant's indorsement of the draft the plaintiff did not need any guaranty of the payment of the draft for its protection, and the guaranty related only to minor details of interest and charges.

The only guaranty stated in the letter is that of the Banca Italiana di Sconto which, the letter states, had guaranteed payment of this draft. In addition to this guaranty the plaintiff had the indorsement of the defendant bank.

The declaration originally contained a second count against the defendant as an indorser of said draft, though said draft was not protested for nonpayment, because the defendant was notified of the reservation made by Libassi when his account was debited by the Banca Italiana di Sconto with the amount of the draft, of which reservation the defendant was notified and made no objection.

The plaintiff, however, has abandoned the right to recover under this count and relies solely upon the alleged guaranty of the defendant set out in the third count.

The judgment of the District Court is affirmed, with costs to the defendant in error in this court.