99 N.J. Super. 130 (1968)
238 A.2d 709
EDITH W. MARSH, PLAINTIFF,
v.
AUGUSTUS DAVIS, RICHARD J. DULL, JR., AND JAMES W. MARSH, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
AUGUSTUS DAVIS, THIRD-PARTY PLAINTIFF,
v.
RICHARD J. DULL, JR., AND JAMES W. MARSH, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 19, 1968.
*131 Mr. Joseph Rodriguez for plaintiff (Messrs. Brown, Connery, Kulp & Wille, attorneys).
*132 Mr. Arthur Montano for defendant Marsh (Messrs. Kisselman, Devine, Deighan & Montano, attorneys).
Mr. John A. Fratto for defendant Dull (Messrs. Bleakly, Stockwell & Zink, attorneys).
HEINE, J.S.C.
This matter is submitted to the court on companion motions for summary judgment in favor of defendants Richard J. Dull and James W. Marsh.
The factual situation is quite simple. It involves a typical three-car chain collision on Route 40 in Salem County on December 27, 1964. Plaintiff Edith Marsh, a resident of North Carolina, was a passenger in the number two car, operated by her brother James W. Marsh, a resident of Maryland. Initially, she instituted her suit on December 22, 1966 against Augustus Davis, a resident of New Jersey, the operator of the number three car. On April 26, 1967 Davis filed a third-party complaint against James W. Marsh and Richard J. Dull, a resident of Pennsylvania, the operator of the number one car. Service was obtained on defendants through the Director of Motor Vehicles pursuant to N.J.S.A. 39:7-2.
On July 3, 1967 plaintiff filed an amended complaint naming Davis, Dull and Marsh as defendants. Marsh answered denying negligence but made no mention of the statute of limitations as a defense. Dull in his answer pleaded the statute as a separate defense. Both of these defendants now move for summary judgment in their favor, bottomed on the contention that the action is barred by the two-year statute of limitations, N.J.S. 2A:14-2.
Plaintiff's amended complaint is not saved from the statute of limitations by Davis' third-party complaint against Dull and Marsh filed more than two years after the accident. Taylor v. Loyal Order of the Moose, 90 N.J. Super. 1 (Law Div. 1965).
The failure of Marsh to raise the defense of the statute of limitations in his answer is no bar to raising *133 the matter by the method of this motion since the bar of the statute, if it applies, appears on the face of the complaint. Rappaport v. Flitcroft, 90 N.J. Super. 578 (App. Div. 1966); Feil v. Sensi, 7 N.J. Super. 517 (Law Div. 1950).
Plaintiff meets defendants' motion by contending her cause of action is saved by the statute N.J.S. 2A:14-22, which tolls the statute of limitations during the time that defendants are nonresidents of this State. Defendants counter by arguing that the tolling statute, N.J.S. 2A:14-22, benefits only resident plaintiffs. The nonresident plaintiff responds that she is entitled to the benefit of the tolling statute since her cause of action accrued in this State.
Since the accident occurred in New Jersey, which state is also the forum, there can be no doubt but that the New Jersey statute of limitations and tolling statute apply. Cf. Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176 (1962); Department of Mental Health of Com. of Kentucky v. Mullins, 56 N.J. Super. 449, 458 (App. Div. 1959), affirmed 31 N.J. 598 (1960).
At the outset it should be noted that at least one aspect of this case has been settled by our Supreme Court. Lemke v. Bailey, 41 N.J. 295 (1963), puts to rest the question whether the statute of limitations may be tolled in actions involving a motor vehicle collision where defendant is a nonresident, notwithstanding the fact that such defendants may be served through the Director of Motor Vehicles pursuant to the provisions of N.J.S.A. 39:7-2. In other words, the susceptibility to service through the Director does not make a nonresident defendant a resident within the meaning of N.J.S. 2A:14-22. The fact that New Jersey finds itself with the minority view and should change its position was put to the court (see dissenting opinion of Schettino, J. 41 N.J. at 303). A compilation of the various state positions may be found in the appendix to the opinion in Daigle v. Leavitt, 54 Misc.2d 651, 283 N.Y.S.2d 328 (Sup. Ct. 1967).
*134 Here, for the first time in this State so far as we can learn, we have the problem of an individual nonresident plaintiff and defendant involving a cause of action which accrued in this State. Therefore, the present case is not necessarily fully determined by Lemke, for there plaintiffs were New Jersey residents. I am satisfied, however, that this distinction is not pertinent where the cause of action arises in New Jersey.
All of the cases which state that a nonresident plaintiff may not have benefit of the tolling statute, except Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519 (Law Div. 1962), deal with situations where the underlying cause originated outside this State. Beardsley v. Southmayd, 15 N.J.L. 171 (Sup. Ct. 1835); Taberrer v. Brentnall, 18 N.J.L. 262 (Sup. Ct. 1841); Howe v. Lawrence, 21 N.J.L. 714 (E. & A. 1848); Wood v. Leslie, 35 N.J.L. 472 (Sup. Ct. 1872); Shapiro v. Friedman, 132 N.J.L. 456 (E. & A. 1944); Bookman v. R.J. Reynolds Tobacco Co., 138 N.J. Eq. 312, 406 (Ch. 1946); Zwillenberg v. Post, 293 F.2d 199 (3 Cir. 1961).
The rationale underlying these decisions is clearly understandable. Where New Jersey has no interest in the litigation other than being chosen as the forum, the statute of limitations should not be tolled, for to do so would create a haven for dilatory out-of-state plaintiffs. Howe v. Lawrence, 21 N.J.L. 714, 751 (E. & A. 1848).
Arguably, the same rationale underlying these decisions could be applicable here, for all the litigants are nonresidents. The fortuitous circumstance that this accident happened in this State gives New Jersey little more interest in the litigation. Thus, if such distinction between resident and nonresident litigants were legislatively adopted, such legislation would not run afoul of the equal protection clause of the Constitution. Cf. Moan v. Coombs, 47 N.J. 348 (1966); Lemke v. Bailey, 41 N.J. 295 (1963); State v. Garford Trucking, Inc., 4 N.J. 346 (1950).
*135 Nevertheless, I am satisfied that the place of accrual of the cause of action is determinative and that judicial precedent and proper statutory construction permit no other conclusion.
Ferraro, the one case involving nonresident litigants in which a court has held the tolling statute inapplicable despite the occurrence of the collision in New Jersey, was not decided on the basis that the tolling statute was for the benefit of only New Jersey plaintiffs, though specifically requested by defendants to do so. 72 N.J. Super., at p. 521. Rather, "the court * * * assumed * * * that a nonresident plaintiff may utilize the benefits thereof [the tolling statute] to suspend the running of the statute of limitations." Id., at p. 526. Ferraro was decided on the ground that the foreign corporation defendant was represented by the Director of Motor Vehicles, and therefore the tolling statute was inapplicable since N.J.S. 2A:14-22 applies only to foreign corporations "not represented in this state by any person * * * upon whom * * * process may be served * * *" Id., at p. 525.
The court in Lemke left undecided whether this construction as to a foreign corporate defendant adopted in Ferraro is proper, but concluded that residence and not mere representation is necessary with regard to individual out-of-state defendants in order to make the tolling statute inapplicable. It is noted that in discussing Ferraro the court in Lemke made no point of the plaintiff's nonresidency. We therefore may asume that it impliedly, if not expressly, recognized that a nonresident plaintiff may have benefit of the tolling statute.
Even in those cases holding the tolling statute inapplicable, the courts make clear that had the accident occurred in New Jersey the tolling statute might have been applicable. The court, in deciding a subsequent phase of Howe v. Lawrence, supra, noted that it had previously held that the tolling statute did not extend to nonresident plaintiffs "whose cause of action accrued * * * without the jurisdiction of the State * * *" 22 N.J.L. 99, 107 (Sup. Ct. *136 1849). In Shapiro v. Friedman, supra, "it was the nonresidence of the creditor and the nonaccrual of the action in this State that were controlling." 132 N.J.L. at 459; (emphasis added). In Bookman v. R.J. Reynolds Tobacco Co., supra, noted that "the wrongs of which the complainants and intervenors allege evidently did not occur in this state." 138 N.J. Eq., at p. 406. More recently, in Zwillenberg v. Post, supra, the Court of Appeals, which is required to follow state law, concluded that New Jersey precedent made the tolling statute "applicable only to causes of action accruing in New Jersey or in favor of New Jersey residents." 293 F.2d, at p. 200 (emphasis added).
In short, I find no authority in our State which denies a nonresident plaintiff the benefit of the tolling statute against a nonresident individual defendant where the cause of action originated in New Jersey.
Finally, the plain reading of the tolling statute, N.J.S. 2A:14-22 makes no distinction between a resident and nonresident plaintiff. The statute has not been changed in this regard since its original enactment in 1820. For over a century the only exception to the plain reading of the statute is the judicial construction that it does not apply to nonresident plaintiffs whose cause of action accrued outside New Jersey. Zwillenberg v. Post, supra. We cannot legislate that the statute shall also not apply to nonresident plaintiffs even where their cause of action accrues in this State.
Additionally, Dull contends that on the merits the answers to interrogatories and the depositions show palpably that there is no genuine issue of fact as to his negligence. I am satisfied that a factual question as to defendants' negligence is sufficiently developed so that I am precluded from granting summary judgment. United Advertising Corp. v. Borough of Metuchen, 35 N.J. 193 (1961).
The motions are denied.