428 F.2d 1360
 Joseph ZELSON and Geraldine Zelson, his wife, Appellants,
v.
Harold E. THOMFORDE, individually and trading as Thomforde
Orchard and Thomforde Catering Service, and Wickes Lumber
Co., a Corporation of the State of Michigan, jointly,
severally and in the alternative.
 No. 18479.
 United States Court of Appeals, Third Circuit.
 Argued May 5, 1970.
Decided July 7, 1970.
 
 Gerald Z. Berkowitz, Knecht, Greenstein & Berkowitz, Wilmington, Del., for appellants.
 William S. Zink, Bleakly, Stockwell, Zink & McGeary, Camden, N.J., for Harold E. Thomforde.
 David G. Eynon, McCord, Farrell, Eynon & Munyon, East Haddonfield, N.J., for Wickes Lumber Co. and others.
 Before HASTIE, Chief Judge, and MARIS and FREEDMAN, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 On March 9, 1966 a motor vehicle accident occurred on the portion of the Delaware Memorial Bridge within the State of New Jersey in which the plaintiffs, residents of the State of Delaware, were injured. On April 29, 1968 they filed a complaint in the District Court for the District of New Jersey against the defendants claiming damages on the ground that the accident was the result of the latter's negligence. In the case of defendant Thomforde, service was had upon the Director of the Division of Motor Vehicles of the State of New Jersey under N.J.S.A. 39:7-2. In the case of the defendant Wickes Lumber Co. service was had upon the manager of its plant at Swedesboro, New Jersey. The defendant Thomforde, a resident of Pennsylvania, in his answer raised the defense that the claim was barred by the New Jersey two year Statute of Limitations and the defendant Wickes Lumber Co., a Michigan corporation which was not registered to do business in New Jersey, subsequently, following a pretrial conference, amended its answer with leave of court and without objection by the plaintiffs, to raise the same defense. Motions to dismiss the complaint on this ground were made and granted by the court. The present appeal followed.
 
 
 2
 The question which this appeal presents is whether the New Jersey statute, N.J.S.A. 2A:14-22, which tolls the running of the Statute of Limitations against a cause of action arising in New Jersey if and so long as the defendant is a nonresident of the state, may be availed of by a plaintiff who is also a nonresident of New Jersey. The district court answered this question of New Jersey law in the negative.
 
 
 3
 The New Jersey Statute in question is as follows:
 
 
 4
 '2A:14-22. Nonresidence of person liable
 
 
 5
 'If any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.' N.J.S.A. 2A:14-22.
 
 
 6
 It is settled in New Jersey that the statute of limitations is tolled by N.J.S.A. 2A:14-22 as to a cause of action against a nonresident individual defendant even though he is subject to suit in the state under N.J.S.A. 39:7-2 by service upon the Director of the Division of Motor Vehicles. Lemke v. Bailey, 1963, 41 N.J. 295, 196 A.2d 523. The same appears to be true as to a foreign corporation which does not have in the state a regularly appointed person or officer upon whom summons may be served. Whalen v. Young, 1953, 28 N.J.Super. 543, 101 A.2d 64. However, whether the manager of the defendant Wickes Lumber Co.'s Swedesboro plant, upon whom service was actually made in this case, was such a person or officer we need not decide in view of our conclusion on the basic issue, that is, whether the benefit of the tolling statute is available to a nonresident plaintiff.
 
 
 7
 This question is, of course, one solely of the meaning of the New Jersey statute for the answer to which we must look to the New Jersey decisions. It has been squarely answered in the affirmative by a judge of the Law Division of the Superior Court of that state in Marsh v. Davis, 1968, 99 N.J.Super. 130, 238 A.2d 709. It has, however, never been decided by an appellate court in New Jersey. Accordingly, while considering the opinion in Marsh v. Davis, it remains our duty to ascertain and apply the law of New Jersey on the point as we believe the Supreme Court of New Jersey would declare it. There have been a number of cases in New Jersey in which a nonresident plaintiff was involved. But it appears that each of these except Marsh v. Davis, supra, also involved a cause of action arising outside New Jersey and the denial of the application of the tolling statute was based principally upon the latter fact or upon the concurrence of the two out-of-state elements. We think that the answer to the question with which we are here confronted was presaged by the New Jersey Court of Errors and Appeals in Shapiro v. Friedman, 1945, 132 N.J.L. 456, 41 A.2d 10, 11-12, when speaking of the New Jersey tolling statute Chief Justice Brogan said:
 
 
 8
 '* * * This statute of limitation contains no saving clause anywhere in favor of absent, nonresident or foreign creditors. Beardsley v. Southmayd, 15 N.J.L. 171, decided in 1835, St. of 1820, Rev.Laws, p. 670.
 
 
 9
 'These statutes, in our view, are predicated on the idea of saving a resident creditor's action against a debtor who is nonresident when the action accrues or who leaves the state after the accrual and before the statute of limitations has run.'
 
 
 10
 We think, as did the Court of Errors and Appeals, that it is fair to assume that in enacting the tolling statute the Legislature was intent on protecting New Jersey residents who had New Jersey claims against nonresident debtors from having to go to foreign jurisdictions to enforce their claims. The absence of any provision expressly conferring the benefit of the statute upon nonresident creditors confirms us in this view. For a nonresident creditor can just as easily bring his suit in the debtor's home state as in New Jersey. In either case he must go to another jurisdiction than his own. We do not believe that the Legislature intended to provide for dilatory nonresident creditors the haven of a limitation-free forum where they may sue nonresident debtors on their claims at any time the debtor ventures into New Jersey, no matter how long after the claim has arisen.
 
 
 11
 In Zwillenberg v. Post, 3 Cir. 1961, 293 F.2d 199, 200, again a case involving both a non New Jersey claim and a nonresident plaintiff, this court, after discussing the New Jersey cases, said:
 
 
 12
 'We are satisfied that these decisions were based upon the broad proposition that the intendment of the statute was to protect causes of action accruing in New Jersey and New Jersey residents'.
 
 
 13
 We conclude that the statute in question does not apply to causes of action sought to be enforced by nonresidents of New Jersey, such as these plaintiffs, even though the causes of action arose in New Jersey.
 
 
 14
 The plaintiffs also urge that it was error to permit defendant Wickes Lumber Co. to amend its answer so as to raise the defense of the bar of the statute of limitations. This contention is wholly without merit, Groninger v. Davison, 8 Cir. 1966, 364 F.2d 638, especially since the plaintiffs raised no objection to the amendment at the time it was made.
 
 
 15
 The judgment of the district court will be affirmed.