Beardsley *v.* Southmayd.

---

THADDEUS BEARDSLEY v. HENRY SOUTHMAYD AND THOMAS DWIGHT.

A demand of more than six years standing of a non-resident creditor, against a non-resident debtor, is barred by the statute of limitation. The act of 1820, *Rev. Laws,* 670, makes no allowance for the absence of a creditor from this State, whether he be a citizen or a foreigner. Its true intent is to consider the absence or non-residence of a debtor, an excuse only in favor of creditors who reside here, or whose right of action accrued in this State.

The declaration in this case, was in assumpsit, upon two promissory notes made by the defendants, payable to the order of the plaintiff, and dated in the year 1819.

The defendant, Henry Southmayd, the other defendant being returned by the sheriff " not found," pleaded *actio non accrevit infra sex annos.*

To this plea, the plaintiff replied :

" That at the time when the said several causes of action, in the said declaration mentioned, and each and every of them

did accrue to the said Thaddeus, the said Henry and Thomas were not residents in this State, but resided in the State of Connecticut; and that the said Henry and Thomas have not been residents in this State, for the term of six years, nor for so great a term as six years, since the several causes of action in the said declaration mentioned, accrued, and before the commencement of this suit, to wit, at Newark aforesaid."

The defendant, Southmayd, rejoined as follows:—" That the said several promises and assumptions in the plaintiff's declaration mentioned were made in the State of Connecticut, and out of and beyond the jurisdiction and limits of this State, and that the said several causes of action thereon, in the said declaration mentioned, accrued in the State of Connecticut; and the said Henry in fact, further saith, that at the said several times when the said several promises and assumptions were made and the said several causes of action accrued thereon, and during all the intervening time, and for a long time after, as well the said Thaddeus as the said Henry and Thomas, were not residents in this State, but resided in the State of Connecticut, and the said Thaddeus has ever since resided, and still does reside in the State of Connecticut, and out of and beyond the jurisdiction and limits of this State, and that at the said several times when the said promises and assumptions were made, and the said causes of action accrued thereon, the said Henry and Thomas had not nor had either of them, any rights or credits, moneys or effects, goods or chattels, lands or tenements, whatsoever, within the jurisdiction and limits of this State, and so the said Henry in fact, saith, that at the said several times when the said causes of action on the said several promises and assumptions in the plaintiff's declaration mentioned, accrued, they did not accrue to the said Thaddeus, and he had not cause of action thereon, within the jurisdiction and limits of this State."

To this rejoinder, the plaintiff demurred, and the defendant joined in demurrer.

*Garr,* for the plaintiff.

*S. Cassedy,* for the defendant.

The opinion of the court was delivered by

Beardsley *v.* Southmayd.

HORNBLOWER, C. J.   The facts stated in the pleadings and admitted by the demurrer, are, that the plaintiff and the defendants resided in Connecticut, when the promissory notes declared upon, were given, and when they became due and payable, that the parties continued to reside there for more than six years, after the cause of action accrued, and that the plaintiff still resides out of this State, but commenced this action before the defendants had been six years in this State.

The question therefore presented by the pleadings, is whether a non-resident creditor, who has a demand against a non-resident debtor, of more than six years' standing ; and which would have been barred by our statute, if both parties, or if the defendant only had resided *here*, can pursue him into this State, and maintain an action against him ?

This is not an attempt to set up the statute of limitation of another State, in bar of an action commenced here, on the ground that the right of action had accrued in such other State, and would have been barred if the suit had been commenced there.   Nor does the plaintiff seek to avoid the influence of our statute, by showing that the action would not be barred by the statute of limitation of the State where the cause of action accrued, and the parties resided.   Therefore the question of the *lex loci contractus*, is not involved, as it was in *Nash* v. *Tupper*, 1 *Caine's R.* 406 ; and in *Ruggles* v. *Keeler*, 3 *Johns. R.* 263, and in the English commentaries referred to, in those cases :   nor are we called upon to give any opinion as to the validity of such a plea, on the one hand ; or whether a foreign statute can be pleaded in avoidance of our own, on the other. The simple question is, as before stated, whether a foreign creditor may after any lapse of time, follow his unsuspecting debtor into this State, and here, successfully prosecute him, notwithstanding the defendant invokes the protection of *our* statute of limitations ?

In this case before cited, of *Ruggles* v. *Keeler*, 3 *Johns. R.* 263, it was decided by the Supreme Court of the State of New York, that in an action of assumpsit brought *there*, the defendant might set off demands against the plaintiff, arising in Connecticut, where both parties resided, and which would have

Beardsley *v.* Southmayd.

been barred by the statute of that State, if sued for there—provided the plaintiff had not resided six years in the State of New York. That decision inevitably involves the principle that a foreign plaintiff may institute an action against his debtor, coming into the State of New York, upon a cause of action of more than six years' standing, provided he has not suffered his debtor to reside there six years, before commencing his suit. But I am not satisfied with the answer given by the court in that case, to the very obvious and serious, as well as the " plausible " argument which was interposed againts such rule. Stale and liquidated claims, which the plaintiff would not venture to sue for at home, may be revived and successfully prosecuted against persons casually travelling on business or for pleasure, or who may change their residence, after a lapse of years, provided they have not lived in their new domicile, long enough to be protected by the local statute of limitations. The court, as may be seen in that case, 3 *Johns. R.* 263, 268, instead of the shield, which the salutary and quieting influence of the statute would at once afford a defendant, under such circumstance, would leave him to the uncertain and doubtful protection of presumptive payment. It is very easy to see, that in many cases, mere presumption of payment, from lapse of time, would be a feeble and precarious defence, where in a suit between the parties at home, the statute would be a positive bar. The effect of such a decision by this court, would be virtually to say, that though the rights of absent plaintiffs, are *not saved* by our statutes, yet such plaintiffs may at *any time*, when they can arrest a debtor *here*, maintain their action, provided such debtor has not resided six years in this State. Such a rule once established, would make it hazardous for strangers to come within our jurisdiction; and would invite foreign suitors, to make our courts the arena of litigation, in all cases where their domestic statute of limitation would effectually bar their claims.

In *Nash* v. *Tupper*, 1 *Caine's R.* 402, it was held by the Supreme Court of New York, that the statute of limitations of that State, was a good plea in bar, to an action on a foreign contract. To such a plea, in that case, the plaintiff replied, that the cause of action had accrued in the State of Connecticut; that

Beardsley *v.* Southmayd.

by the statute of limitations of that State, the action was not yet barred, and averred that the contract on which the action was founded, had been made in Connecticut, and in reference to the statute of limitations of that State. This replication was overruled on demurrer and judgment given for the defendant. The principal point discussed in that case, was whether the *lex loci,* or the *lex fori* should prevail; and it was decided in favour of the latter. It does not however appear by the case as reported, how long the defendant had resided in New York; or whether six years had expired before he came into that State; and therefore, the precise point before us, was not discussed or decided in that case. But the court said, that the plaintiff having elected to prosecute his suit in that State, he must pursue his remedy agreeably to their laws; and their courts could not dispense with an adherence to the requisites of time, place, and manner of commencing and prosecuting such suit, because the cause of action arose in another State. So, in my opinion, if the parties, plaintiffs and defendants, are all strangers and nonresidents, they must be dealt with in our courts, so far at least as this question is concerned, as if their domicile was here. The plaintiff cannot, with any show of reason, complain of such a measure of justice. He has voluntarily come into our court, and invoked its aid; and has thereby adopted the *lex fori,* as the rule by which his case is to be governed. He has sued his debtors *here,* and they claim the protection of that law, which must control this court, and which says that all actions of assumpsit shall be brought within six years after the cause of action accrued, and *not after.* In opposition to this claim, the plaintiff alleges, that the defendants resided *out of* this State, when the cause of action accrued, and that they had not been six years in this State, when this action was commenced. By this answer, it is true the plaintiff brings his case *prima facie,* within the saving influence of the act of 1820, *Rev. Laws,* 670, by which it is enacted, that if the debtor "shall not be a resident in this State," when the cause of action accrues, or shall "afterwards remove from this State," then the period of his *non-residence,* shall not be computed as any part of the time

limited by the statute.   But the plaintiff's case is not left to stand upon that foundation, for, by his demurrer to the rejoinder of the defendants, he admits, that he himself was a non-resident when the contract was made, and the action accrued, and that he still is so—and that the cause of action accrued to him, while he and the defendants were all of them out of this State, and more than *six years* before the defendants or any of them came into this State.   Now, the question arises, when did the plaintiff acquire a right to bring an action *in this State ?*   Why, as soon as the cause of action accrued; for he had just as much *right* to bring an action *then*, as he had after the defendants came *here*. His *right* of bringing an action in New Jersey, did not depend upon the defendants' coming into this State, though his doing so to any useful purpose, might have depended on that event.

Is the plaintiff then, such a creditor as the Legislature had in view, when they passed the act of 1820 ?   I think not.   If he is, then that act has saved the action of every non-resident and of every foreigner, *indefinitely*, or until their debtors shall come into this State, and reside here for six years.   Instead of this, the whole spirit of our legislation upon this subject, is opposed to such a construction.   In not one of our statutes of limitation, is their a saving clause in favor of absent, non-resident or foreign creditors ; yet the doctrine contended for by the plaintiff's counsel, would place such creditor on a better footing in our courts, than our own citizens.   It was, I apprehend, exclusively in reference to causes of action accruing *here*, that the saving clauses were introduced.   The language of the act of 1820, *Rev. Laws*, 670, clearly implies this.   It enacts, that if any person against whom there *is*, or *shall be*, any such cause of action, shall not be *resident in this State*, when such cause of action *accrues ;* or shall *remove from* this State, *after* the same shall accrue, then, &c.   Now, why I would ask, make the *residence out of*, or the *removing from this State*, the contingency upon which the action shall be saved, unless upon the supposition that the cause of action *accrued here*, and the *right* of action existed *here ?*   In respect to such cases, there is a reason why the action should be saved, upon those contin-

gencies. In the first place, if the creditor resides here, or the contract was to be performed in this State, and the debtor resides out of this State, when the right of action accrues, the plaintiff ought not to be compelled to go abroad in search of his debtor; but should be permitted to sue him at any time within six years after he comes into the State ; and in the second place, if the debtor or person liable to be sued, *absconds* or *removes* out of the State, he deprives his creditor or person entitled to the action, of the opportunity of suing him *here*, where the contract was to be performed, or the cause of action arose ; and he ought not therefore to derive any advantage from his own voluntary absence. But no such equity exists in reference to foreign creditors, whose action did not accrue here, and whose debtor did not reside here, when the right of action accrued. Such a creditor or plaintiff has not been hindered or delayed by the absence of the defendant *from this State ;* nor was. the defendant in such case *bound to come* into this State to perform his contracts, or to be sued in our courts for not doing so. The doctrine contended for by the plaintiff, would require us to read our act of 1820, as if it subjected every stranger coming into this State, to be liable for the term of six years, to the suits of foreign plaintiffs, wherever the cause of action arose, and however antiquated the claim. Such, however, I think is not a sound construction of the statute. It is true, that in Massachusetts, it has been decided that where both the plaintiff and defendant resided out of the State when the contract was made and the cause of action arose, that an action might be brought at any time within six years after the defendant came into that State. *Dwight* v. *Clark*, 7 *Mass. R.* 515 ; *Pearsall* v. *Dwight*, 2 *Mass. R.* 84. But the statute of that State, not only withholds its protection from non-resident and absent defendants, but saves the rights of non-resident and foreign creditors, in broad and express terms. The policy of our statute is very different in this respect. It makes no allowance for the absence of a creditor from this State, whether he be a citizen or a foreigner : and we shall best effectuate its intent, by considering the absence or non-residence of a debtor, an excuse only in favour of creditors who reside here, or whose

right of action accrued in this State.    Let judgment therefore, be entered for the defendant.

FORD and RYERSON, Justices, concurred.

*Judgment for defendant.*

CITED in *Howe* v. *Lawrence,* 2 *Zab.* 107 ; *Taberer* v. *Brentnall,* 3 *Harr.* 263–264 ; *Hoguet* v. *Wallace,* 4 *Dutch.* 526 ; *Associates Jersey* v. *Davison,* 5 *Dutch.* 424.