The opinion of the Court, was delivered by
Hobnblower, C. J
The only difference between this case and that of Beardsley v. Southmayd et el. in 3 Green, 171, is, that the plaintiff’s right of action on the promissory note in question, *263 had not been barred, when the defendant left England, and came to this country: Whereas, in the case of Beardsley v. Southmayd et al., the parties had all resided in Connecticut, for more than six years after the cause of action accrued. I cannot perceive that this difference takes the case out of the rule established by this court, in the case of Beardsley v. Southmayd. Our statute does not save the rights,of non resident creditors: consequently, when they sue in our courts, they must show, if required so to do by the defendant’s plea, that their cause of action, wherever it accrued, whether in this State or elsewhere, accrued within six years before action brought, By the very terms of our statute, every such action as this, must be brought within six years after the cause of action accrued: and that, without any reference to the place where the contract was made, or where the parties were, when the right of action accrued ; except, when the defendant shall not be a resident of this State when the cause of action accrues, or shall afterwards remove out of it. Rev. Laws, 670. But in the case in 3 Green, 172, we have decided that this exception does not operate in favor of a foreign creditor, upon a contract made abroad, and not to be performed in this State, and where the cause of action did not arise in this State; and upon the most careful review, I see no reason to retract or qualify any part of the opinion delivered in that case. This then, is the naked case of an action brought more than six years after the right of action accrued. If the plaintiff says, “ I was and am a non resident, and the contract was made and the cause of action ai crued in England ; ” the answer is, that the lex fori, must govern. It was so held by the Supreme Court, in Nash v. Tuppei, 1 Caines R. 402; and t-he law of our court, does not save the ac tions of foreigners. If the plaintiff still urges, that the defendant was not in this State when the cause of action accrued; the answer is, that neither was the plaintiff in this State; nor did the cause of action accrue here; and by the construction given to our statute, Rev. Laws, 670, in the case of Beardsley v. Southmayd, his case is not excepted out of the general bar. In my pinion therefore, judgment must be given for the defendant, with costs.
In EVius, J.
The declaration is upon a promissory note drawn *264 by the defendant, and dated at Birmingham, England, May 12, 1829, for three hundred and seventy-six pounds, payable in three months, to the order of the plaintiff, for value received.
The defendant pleaded the general issue, and actio non acerevit infra sex annos.
To the second plea, the plaintiff replies, that when the note was made and the cause of action accrued, the defendant was not a resident in this State, but resided in England and that he had not resided in this state for six years since the cause of action accrued, and before the commencement of the suit.
To which, the defendant rejoins, that the promise was made in England, and the cause of action accrued there. That when the promise was made and when the cause of action aocrued and during the intervening time and for a long time after, as well the plaintiff as the defendant were not residents in this State, but resided in England; and that the plaintiff has ever since resided and still resides there, and that when the promise was made and the cause of action accrued, the defendant had no rights or credits &c. within the jurisdiction and limits of this State; and so, that at the said times when &c. the said cause of action did not accrue to the plaintiff, and he had not cause of action therein.
The plaintiff files his surrejoinder, admitting the cause of action accrued in England, and the promise was made there, and both parties resided there, and that the plaintiff still resides there, and at- the said time &c. the defendant may not have had any rights or credits &c. within the limits of this State; yet, that sliortly after the said several times &c. and before the expiration of six years from the time when the said cause of action accrued, and before the right to a recovery thereon was barred by the statute of limitations in that country, the defendant removed from England, and came to the United States, and has remained in and continued to reside in the United States, and a part of the time in this State, from that time to the time of the commencement of this action.
. The defendant has filed his demurrer to this surrejoinder, to which the plaintiff has filed his joinder.
Upon thtfse pleadings, the parties submit to the court to decide, whether this case comes within the decision made in the case of Beardsley v. Southmayd, 3 Green, 171, or whether the additional *265 facts contained in the surrejoinder, do not prevent the operation of the statute of limitations. •
From this state of the case, it would appear to be the intention of the parties to have it determined by this court, whether the case presented comes within the law laid down in the case of Beardsley v. Southmayd, and if so, that judgment is to be rendered in favor of the defendant. If this be in truth, the only question intended by the parties to be submitted, it is one that is easily answered. The additional facts contained in the pleadings, do not take the case out of the principle decided in that case. The only difference in the facts presented in the pleadings is, that the defendant left the jurisdiction of the place where the contract was made, before the statute of limitations of that country had barred the plaintiff’s right of action. The defendant could not have pleaded the statute of limitations of Parliament, in bar to an action in our court, unless it was a statute annulling the obligation of the contract, and not merely affecting the remedy for its enforcement. And it can therefore be no answer to the defendant’s rejoinder, for the plaintiff to say, that his action was not barred by the statute of England, when the defendant removed from that country. The statute of limitations of England, as well as our own, affects the remedy only, and in no wise interferes with the obligation of the contract itself. It is the lex foid therefore and not the lex loci contractus, which is to govern this case. This is the doctrine held by this court in the case of Wood v. Matin, 5 Hal. 208, and Confirmed by the court in Beardsley v. Southmayd. The same doctrine has been held by the court of King’s Bench in reference to the statute of France, when both parties resided there at the time the contract was made, and the statute had become a bar before the defendant removed from that country.
My opinion therefore is, that the ease is to be decided upon our own statute of limitations, and if the construction given to that statute by this court in the case of Beardsley is correct, judgment must be rendered for the demurrant, pursuant to the agreement of the parties.
The case submitted does not call for an opinion as to to the soundness of the construction given to our statute in the case of *266 Beardsley. If it did, I should hesitate to give it my sanction.
Ford, White and Elmer, Justices, concurred.

Judgment for defendant.

Cited in Hale v. Lawrence, 1 Zab. 750; Howe v. Lawrence, 2 Zab. 107; Hoguet v. Wallace, 4 Dutch. 526; Assoc. Jersey Co. v. Davison, 5 Dutch. 424; Nolin v. Blackwell, 2 Vr. 173; Wood v. Leslie, 6 Vr. 473.