### HARDIN NOLIN v. SIDNEY BLACKWELL.

1.  The statute of limitations applies to a set-off.
2.  The eighth section of the limitation act saves a set-off from the operation of the fifth section, in a case where the plaintiff resided out of the state where the cause of action accrued and up to the time he commenced his action here, and the defendant became a resident of this state within six years after it accrued, and continued to reside here until the action was commenced.

This case was certified by the judge of the Circuit Court of the county of Hunterdon for an advisory opinion, and was argued before Judges VAN DYKE, VREDENBURGH, and ELMER, by *A. V. Van Fleet* and *B. Van Syckel*, for plaintiff, and *A. G. Richey*, for defendant.

The opinion of the court was delivered by

ELMER, J.   To an action of debt, brought on a judgment rendered in the District Court of the United States for the territory of Iowa, in the year 1840, the defendant pleaded payment and gave notice of a set-off for a book account which accrued prior to the year 1839, when both parties resided in Iowa. This claim did not appear to have been set off against the plaintiff's demand, for which his judgment was obtained. The defendant, who went from this state, left Iowa in 1839 and returned about the time the judgment was obtained against him, and has resided here ever since. The circuit judge having ruled that the set-off claimed was barred by our statute of limitations, the only question certified to this court for an advisory opinion is, was this ruling correct?

The counsel who argued the case in this court assumed that the statute of limitations applies as well to a demand attempted to be set off as to one upon which an action is brought, and I think rightly. The eleventh section of our statute to enable mutual dealers to discount, *Nix. Dig.* 790,* copied substantially from an act passed in 1722, before there was any English statute authorizing a set-off, enacts that if any two or more having dealt together be indebted to each other upon bonds, &c., it shall be lawful to plead payment and give notice of the set-off. This statute has for many years been considered and acted upon at the circuits, as requiring the indebtedness set-off to be of such a character as would entitle the defendant to have maintained an action upon it against the plaintiff, and of course therefore, not a demand which, at the time the action was commenced, was barred by the statute of limitation. The object of the statute

---

* *Rev., p.* 1096, § 1, amended.

of set-offs, as was shown by the title of the original act, was to prevent multiplicity of law suits and not to interfere with or affect the operation of the statute of limitations. To hold that a plaintiff who sued upon an assigned bond or an endorsed note, or upon any other independent claim, thereby deprives himself of the protection of that statute as a defence to any claim of the defendant, however stale, would certainly be inconvenient and unwise.

It is true that our statute of set-offs differs from the English statutes in three particulars, neither of which however does, in my opinion, affect its proper construction in this matter. It provides that unless the defendant gives in evidence his set-off he shall be precluded from bringing any action for it; it requires the set-off to be introduced in connection with the plea of payment, and it authorizes a judgment to be rendered in favor of the defendant if the jury shall find, by their verdict, that he has overpaid the plaintiff. These provisions make the set-off operate as a payment or overpayment, when pleaded and so applied by the verdict, but do not, in my opinion, otherwise affect the condition of the claims or change the law applicable to them. If the plaintiff sues on a bond, and the defendant claims as a set-off a debt due to him upon the plaintiff's bond, which turns out to be greater in amount than the plaintiff's debt, that part of the defendant's debt which, in the result, satisfies the plaintiff's debt, not that part of it which entitles him to a judgment for the overplus, can be considered as a payment in the legal meaning of that term; they are only a payment or overpayment in their effect on the verdict and judgment.

The English statutes authorize a set-off where there are mutual dealings, and this expression has always been held to confine the set-off to a case where the dealing for which the defendant sets up a claim, is one for which he could maintain an action not barred by the statute of limitations. *Remington* v. *Stevens*, 2 *Strange* 1271; *Buller's N. P.* 180; *Chapple* v. *Durston*, 1 *Cromp. & Jer.* 1; *Walker* v. *Clements*, 15 *Adol. & El.* 1046. And the same principle has been

adopted by the American courts.   *Gilchrist* v. *Williams*, 3 *A. K. Marshall* 235; *Turnbull* v. *Strohecker*, 4 *McCord* 210.

In the case of *Smith* v. *Ruccastle*, 2 *Halst.* 357, decided in 1800 but not reported until 1824, Chief Justice Kinsey appears to have put the decision, which was clearly right, on the ground stated by the counsel, that the defendant's set-off, which was for a book account more than six years old, had been acknowledged by the plaintiff within six years, on the principle that the statute made the set-off a payment; and also, that as there were demands on both sides, although wholly disconnected, the statute did not apply. This ruling has not been adopted by the courts in practice, and was in effect overruled by the cases of *Belles* v. *Belles*, 7 *Halst.* 339; *Gulick* v. *Turnpike Co.*, 2 *Green* 545; and *Hibler* v. *Johnston*, 3 *Harr.* 266.

That the defendant's claim, if he had brought his action for it, would have been barred by the first section of the statute of limitations, is not disputed. The case, therefore, turns on the construction of the eighth section of that statute, *Nix. Dig.* 470, § 14.* Its language is: " If any person, against whom there shall be such cause of action as is specified in the first section, shall not be a resident in this state when such cause of action accrues, &c., then the time during which such person shall not reside in this state shall not be computed as part of the said limited period." If the plaintiff had come within this state and the defendant had commenced an action against him for his claim he would have come within the language of this section, for he was not a resident of this state when the cause of action accrued. It is, however, insisted on behalf of the plaintiff that he comes within the construction adopted in the cases of *Beardsley* v. *Southmayd*, 3 *Green* 171; *Taberrer* v. *Brentnall*, 3 *Harr.* 262; *Howe* v. *Lawrence*, 1 *Zab.* 751.

In all these cases the plaintiff was not only a non-resident when the action accrued, but he so remained during six years afterwards and at the commencement of the action; while in this case the defendant who, so far as his set-off is concerned,

* *Rev.*, p. 595, § 8.

becomes virtually the plaintiff, was a resident of the state before his claim was barred by the statute, and has so continued ever since. The reason relied on by the judge who delivered the opinion of the Court of Errors in the case of *Howe* v. *Lawrence*, was the policy of not inviting foreign plaintiffs to make ' this state, which is the great thoroughfare of the country, an arena for the litigation of antiquated claims whenever the debtor can be brought within its jurisdiction.

This reason does not apply to this case, and in my opinion it will be the safest and best course to adhere to the plain language of the statute in all cases not falling within the precise ruling heretofore adopted.

I am therefore of opinion it should be certified to the Circuit Court that the set-off claimed by the defendant was not barred by the statute of limitations.

VAN DYKE, J., concurred.