DORA SHAPIRO. PLAINTIFF-APPELLANT, v. HARRIS FRIEDMAN, DEFENDANT-RESPONDENT.

Argued October 19, 1944—Decided February 2, 1945.

For the plaintiff-appellant, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

For the defendant-respondent, *Bilder, Bilder & Kaufman* (*Walter J. Bilder,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question presented by this appeal calls for construction of *R. S.* 2:24–7 (a section of our statute of limitations) under which, in the computation of time from accrual of an action until it is barred by the passing of time, allowance is made in appropriate instances for such periods as a debtor shall.be absent from the state. The statute reads as follows:

"2:24–7. If any person against whom there is or may be a cause of action specified in sections 2:24–1, 2:24–2, 2:24–3,

2 :24–5, 2 :24–6, 2 :24–16 or 2 :24–17 of this title is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, the time or times during which such person is not residing within this state shall not be computed as a part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence."

These are the facts of the case: The plaintiff, Dora Shapiro, a resident of New York, was the owner of Harris Friedman's obligation. It may be called a promissory note since it was an unconditional written promise to pay a certain sum—$16,394.18 with 6% interest to Mrs. Shapiro three years from its date, which was February 1st, 1932. On its accrual the obligation was not met. Plaintiff, who continuously resided in New York and never became a resident of New Jersey, caused a summons and complaint to be delivered to the sheriff of Monmouth County on January 30th, 1941, which was one day prior to the expiry of the six-year period after the accrual date, February 1st, 1935. The process remained with the sheriff—whether on plaintiff's instructions or not does not appear—until June 5th, 1941, when the summons and complaint was served on the defendant personally in Monmouth County. It seems that the defendant's wife owned a summer home in Long Branch, New Jersey, and each year from May or June until October this place had been used as a summer residence by the defendant's wife, mother-in-law, children and grandchildren. The defendant himself went there during the summer months on week-ends, as a rule, and occasionally oftener. When process was served on him in June, 1941, he had not been at the summer residence since the fall season of 1940. The house had been closed in the *interim*. Each year telephone service for the summer months was made available for the family. The listing in the telephone directory was in the name of the defendant personally. The plaintiff considered that her suit, started

by serving the defendant in June, 1941, about four months after the six-year period, which began to run on February 1st, 1935, had expired, was nonetheless timely because of the saving features of the statute, *supra*. The learned trial judge, conceiving that the statute was inapplicable in these circumstances, ordered a judgment for the defendant and the plaintiff appeals. The main contention of the appellant is that the defendant was a resident of this state during the summer months of each year since 1935 or that he was resident here for a sufficient number of months which, if credited against the limitation of the statute, saves the action. In our opinion, this construction of the statute, *supra,* is erroneous.

In this case it is clear that the obligation originated and the cause of action thereon accrued outside the state. The creditor, *i. e.,* plaintiff, was and always has been a non-resident. The debtor, under the proofs, had his domicile in the City of New York during all this period. Does the statute, *supra,* stop the running of the time fixed for the bringing of suit in the case of a defendant who is not domiciled here (and never was) but whose family occupies a summer home in this state which the defendant regularly visits? We do not think so. As a matter of fact, our construction of the statute, *supra,* has been averse from the contention of the plaintiff for more than a hundred years. Rather does the statute contain the plain implication that the party to be charged, if the statute may be invoked, was living in this state when the obligation was incurred and moved out before its accrual, or that he moved away after its accrual but before the statute of limitations had run its course. This construction coincides with the language of the statute as a whole and is in accord with our cited cases. This statute of limitation contains no saving clause anywhere in favor of absent, non-resident or foreign creditors. *Beardsley* v. *Southmayd,* 15 *N. J. L.* 171 (decided in 1835, St. of 1820, Rev. Laws 670).

Adverting to the statute, *supra,* the provision that "If any person against whom there is or may be a cause of action * * * is not a resident of this state when such cause of action accrues, or removes from this state after the accrual

thereof," &c., is based on the premise that the statute was intended to protect or save the action because it accrued here or the right of action existed here, and the debtor is not to be benefited because he leaves the state. *Beardsley* v. *Southmayd, supra.* This construction, thus stated, was reiterated in 1841 in the case of *Taberer* v. *Brentnall,* 18 *N. J. L.* 262, and in 1848 in the case of *Hale* v. *Lawrence,* 21 *Id.* 714, 750 (compare *Nolin* v. *Blackwell,* 31 *Id.* 170, and *Wood* v. *Leslie,* 35 *Id.* 472). It was an element in the Beardsley case that the demand when made here was more than six years old and that the debtor for that entire period had been non-resident, but that circumstance is not vital to the stated construction as a reading of the cited cases will disclose. It was the non-residence of the creditor and the non-accrual of the action in this state that were controlling.

The statute, *supra,* substantially in its present form has been part of our law since 1820 when it was enacted by the legislature as a supplement to a previous act of kindred nature, known as the Paterson Act of 1799. This supplement became section 8 of "An act for the limitation of actions (Rev. 1846)." There was no change in the language thereof in the revision of 1874 and only slight changes in expression but not in substance when the provision was inserted into the Revised Statutes of 1937 as *R. S.* 2:24–7. The regulatory feature of the statute, however, has been with us since early Colonial days. In 1727 an act was passed by the Colonial legislature entitled "An act for the limitation of actions and for avoiding suits in law," whereby the law of England concerning limitation of actions was adopted in this province (New Jersey); and by that act of adoption there was incorporated into the statute law of this province the following English statutes: the 32d of Henry VIII (1541); the 31st of Elizabeth, Chap. V (1589); the 21st of James I, Chap. XVI (1623). (The seventh section of this statute saved the action or claim of certain classes of persons including *absent* creditors or claimants). The 4th and 5th of Anne, Chap. XVI (1706), is the basis of the statute now under consideration, *R. S.* 2:24–7. Its provision was "that if any person or persons against whom there is or shall be

any cause of suit or action * * * be, or shall be, at the time of such cause of suit or action given or accrued, fallen or come, beyond the seas, that then such person or persons, who is or shall be entitled to any such suit or action, shall be at liberty to bring the said actions against such person or persons after their return from beyond the seas, within such times as are limited for the bringing of the said actions by the Twenty-first of James I."

At the time of the Revolution and the adoption of the first Constitution of New Jersey, July 2d, 1776, the statute and the common law of England generally were specifically retained in this state (see sections 21 and 22, First Constitution). Later the legislature (June 13th, 1799) cast off in general terms the English statutes and acts of Parliament (see section 4, "An act relative to statutes, 1799); but earlier in that year Mr. Paterson had collected such English statutes as were considered worth keeping and had them passed by the legislature, among which was "An act for the limitation of actions" (February 7th, 1799, *Vide* section VIII) which incidentally repealed the Colonial act of 1727, *supra*. To conclude this part of our examination of the statute, it seems worth pointing out that the provision for the first class of persons to whom the statute applies, *i. e.,* a party against whom there is a cause of action but who is non-resident when such cause accrues, originated in 4th and 5th Anne, Ch. XVI (1706), while the provision for the other class, *i. e.,* the debtor who removes from the state after the accrual, originated in the Supplement of 1820.

These statutes, in our view, are predicated on the idea of saving a resident creditor's action against a debtor who is non-resident when the action accrues or who leaves the state after the accrual and before the statute of limitations has run.

It is true that the majority of the states have construed statutes of similar import differently on this point. See 83 *A. L. R. p.* 273; also *p.* 276; 148 *A. L. R. p.* 732, *p.* 736. Some of the statutes, we gather from reading the reports, are quite different from our own. *Meyers* v. *Credit Lyonnais,* 259 *N. Y.* 399; 182 *N. E. Rep.* 61. But even if they were not, we are persuaded that the rationale of our decisions,

*supra,* is correct. The question is not an open one in this state and has not been for generations. The legislature must have been satisfied that our decided cases construing the statute coincided with their intention when it was made part of our law, else something toward clarification or change would have been effected through the years.

To conclude: In this case the defendant was not a resident when the cause of action accrued but plaintiff is not advantaged thereby because the cause did not accrue in this state. Nor can it be said that the debtor, after accrual, "removes from this state" in the statutory sense because his presence here was never permanent in that he could be considered as having moved from this jurisdiction. As a matter of fact, he never moved from New York City. The cases cited by the appellant, notably *Camden Safe Deposit, &c.,* v. *Barbour,* 66 *N. J. L.* 103, are neither controlling nor relevant.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 13.

*For reversal*—None.