Mary BLACKMON and William Blackmon, Plaintiffs,

v.

Benjamin GOVERN and Ada Govern, Defendants.

Civ. A. No. 933–55.

United States District Court
D. New Jersey.

March 9, 1956.

Marcus & Levy, By Harry Chashin, Paterson, N. J., for plaintiffs.

Steisel, Rey & Gundersdorf, By Arthur C. Gundersdorf, Jersey City, N. J., for defendants.

HARTSHORNE, District Judge.

In this automobile negligence action, in which this Court has jurisdiction solely because of diversity of citizenship, the complaint was filed two years and two days after the accident occurred. Defendants accordingly moved to dismiss the action on the ground that the two-year New Jersey statute of limitations, N.J.S.A. 2A:14–2, on personal injury actions has run, and also moves to amend its answer to raise the bar of such statute. To this motion plaintiffs answer that the defendants are, and always have been, non-residents of New Jersey, so that the above statutory bar is tolled by the provisions of N.J.S.A. 2A:14–22, providing that if any person against whom such an action lies "is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections * * * the time or times during which such person * * * is not residing within this state * * * shall not be computed as part of the periods of time within which such an action is required to be commenced * *." In turn, defendants call attention to the fact that they were served under the provisions of the Motor Vehicle Act, authorizing service on the Director of the Division of Motor Vehicles in the Department of Law and Public Safety of New Jersey. N.J.S.A. 39:7–2, P.L. 1950, chapter 251, page 866, § 1.

█ It should be added that plaintiffs are residents of New Jersey, defendants always residents of New York, while the accident occurred in New Jersey. In substance, defendants contend that the ordinary two-year statutory bar applies; plaintiffs that the statutory provisions, suspending or tolling the running of the statute as to non-residents, apply; to which defendants urge that the Motor Vehicle Act provisions convert them from non-residents into residents, subject to the ordinary two year statute. The issue is thus as to the applicability of the above provisions of these New Jersey statutes—the Motor Vehicle statute and these two provisions of the statute of limitations. This being a diversity of citizenship case, this Court must therefore apply the law of New Jersey. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477; Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079.

The only cases in New Jersey dealing with the application to cases such as the present of the above provisions of the Motor Vehicle Act and of the statutes of limitation are Gotheiner v. Lenihan, Sup.1942, 25 A.2d 430, 20 N.J. Misc. 119 and Whalen v. Young, Super. Law Div. 1953, 28 N.J.Super. 543, 101 A. 2d 64. These decisions, both citing many authorities, hold that in a case such as this the running of the limitation period is suspended by the defendant's absence from the state, and that this absence continues despite the above provisions for service under the Motor Vehicle statute.

█ Were these decisions those of Appellate Courts, they would necessarily be considered, in the absence of contrariety, to state the governing New Jersey law in that regard. West v. American Tel-

ephone & Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139. However, defendants call attention to the fact that they are both nisi prius decisions, the first being a decision by a Judge sitting as a Supreme Court Commissioner at trial term, the second by a Superior Court Judge, also sitting at trial term, calling attention to King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L. Ed. 608, where our highest court held that a decision of a South Carolina trial court could not be deemed to express the law of the state. But it should be noted that the decisions of this South Carolina trial court were never printed, but were simply filed in the court records, so their statement of the law was in fact unknown generally, even in South Carolina, and even when known was not considered authoritative outside the local jurisdiction where rendered. Indeed, in King, the Court expressly reiterates the rule it laid down in Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, where our highest court held that in a diversity case two decisions of the New Jersey Court of Chancery were binding on the Federal Courts, even though the Federal Courts might differ on the merits. It would thus seem that, if there are no indications of the courts of New Jersey to the contrary, these two printed decisions of trial courts with statewide jurisdiction, in accord, do show what the New Jersey law is on the point in question, and as such, bind this Court.

Defendants agree to this, if there is no contrariety. However, defendants claim that there is an indication to the contrary in Shapiro v. Friedman, E. & A. 1945, 132 N.J.L. 456, 41 A.2d 10, which, being a decision of the then highest New Jersey court, must be deemed to control. As to Shapiro, we note first that it in nowise involves the construction of the above provisions of the New Jersey Motor Vehicle Act, so that it is not actually in point. In the next place, defendants' reliance on Shapiro is confined not to the holding of Shapiro, but to a single sentence, clearly dictum, and dictum torn from context.

In Shapiro the Court was dealing not with an automobile tort case, but with a case on contract, where plaintiff was not a resident of New Jersey, defendant was not a resident of New Jersey, and the contract was made and breached out of New Jersey—a situation far different from that here involved, where plaintiffs are New Jersey residents, for whose protection the above tolling provisions were enacted, as Shapiro clearly holds, and the cause accrued in New Jersey, both theoretically as a transitory action and actually. True, early in its opinion, after alluding to the fact that both plaintiff and defendant there were non-residents, Shapiro says: "Rather does the statute contain the plain implication that the party to be charged, if the statute may be invoked, was living in this state when the obligation was incurred and moved out before its accrual, or that he moved away after its accrual but before the statute of limitations had run its course", 132 N.J.L. at page 458, 41 A.2d at page 11, thus intimating that the statute may apply solely to those defendants once resident, later becoming non-resident, not to defendants who have always been non-resident, as in the case at bar.

However, immediately thereafter the Court cites a series of earlier New Jersey decisions, with approval, and says, as to them: "It was the non-residence of the creditor and the non-accrual of the action in this state that were controlling", 132 N.J.L. at page 459, 41 A.2d at page 11. Furthermore, one of these decisions, Nolin v. Blackwell, Sup.Ct.App. 1866, 31 N.J.L. 170, specifically holds that the tolling provisions in question apply where the defendant is a permanent nonresident. After alluding to these decisions, the Court in Shapiro reviews at length the preceding similar English and New Jersey statutes, and says: "These statutes, in our view, are predicated on the idea of saving a resident creditor's action against a debtor who is non-resident when the action accrues or who leaves the state after the accrual

and before the statute of limitations has run." (Italics this Court's.)

Thus, irrespective of the fact that Shapiro in no wise deals with the effect of the above provisions of the Motor Vehicle Act, it clearly indicates that the tolling provisions in question do apply in favor of a resident plaintiff who holds a transitory cause of action, which therefore accrues in New Jersey, against a defendant "non-resident when the action accrues". A defendant is of course "non-resident when the action accrues", as Shapiro says, or "not a resident of this state when such cause of action accrues", as the statute itself says, just as much when he is a permanent non-resident, as in the case at bar, as when he "was living in this state when the obligation was incurred and moved out before its accrual", as per the above dictum in Shapiro. Thus Shapiro itself recognizes that this dictum, relied on by defendant, is not completely accurate. In addition, even after the decision of Shapiro, when issues similar to that in Shapiro were raised in Bookman v. R. J. Reynolds Tobacco Co., 1946, 138 N.J. Eq. 312, 406, 48 A.2d 646 and in Kenny v. Duro-Test Corp., D.C.N.J.1950, 91 F. Supp. 633, there was no indication whatever of support for the above dictum in Shapiro that the statute applies only as to a defendant who moves away from New Jersey. Thus Shapiro can not be deemed contrary to Gotheiner and Whalen, which are both in accord, thus settle the law in New Jersey in that regard, and are therefore binding on this Court.

Therefore, since, in the case at bar, plaintiff is a resident entitled to a cause of action accruing in New Jersey, against the defendants who were non-resident when the "cause of action accrues", under New Jersey law, binding on this Court, the two-year statutory bar is tolled by such non-residence of the defendants, despite the service on them through the Director of the Division of Motor Vehicles in New Jersey.

Defendants' motions are accordingly denied.