Rose ZWILLENBERG and Nathan Zwillenberg, Appellants,

v.

Beckie POST, Individually and Trading as Capitol Mansion, of Ferndale, New York, Defendant.

No. 13577.

United States Court of Appeals Third Circuit.

Argued June 22, 1961.

Decided July 21, 1961.

Frank S. Katzenbach, 3d, Trenton, N. J. (Katzenbach & Salvatore, Trenton, N. J., on the brief), for appellants.

No appearance for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The only question presented by this appeal is whether the tolling provision of the New Jersey statute of limitations, N.J.S.A. 2A:14–22, can be invoked by plaintiffs to allow maintenance of a personal injury action otherwise barred by the statute. The district court held that since the cause of action arose outside of New Jersey and plaintiffs are not residents of New Jersey, the tolling provision was inapplicable. Bookman v. R. J. Reynolds Tobacco Co., 138 N.J.Eq. 312, 406, 48 A.2d 646 (Ch.1946).

The accident occurred August 5, 1957 in Ferndale, New York at a hotel owned and operated by the defendant. Plaintiffs were at the time of the accident, and have been ever since residents of New York. When this action was instituted, April 21, 1960, defendant was a resident of New Jersey. The record further shows that from October to April of each year defendant maintains a residence in New Jersey; that from May to September, she maintains a residence in New York; that she pays taxes in both states, and votes, if at all, in New Jersey.

The applicable portions of the statute upon which plaintiffs rely provide: "If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 * * * is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof * * * the time or times during which such person * * * is not residing within this state * * * shall not be computed as part of the periods of time within which such an action is required to be commenced by the section." (Emphasis supplied).

The construction of this statute is well-settled New Jersey law. Since the early case of Beardsley v. Southmayd, 15 N.J.L. 171 (Sup.Ct.1835), it has been held to be applicable only to causes of action accruing in New Jersey or in favor of New Jersey residents. Taberrer v. Brentnall, 18 N.J.L. 262 (Sup.Ct.1841); Hale v. Lawrence, 21 N.J.L. 714 (E. & A. 1848); Shapiro v. Friedman, 132 N.J.L. 456, 41 A.2d 10 (E. & A. 1944).

Plaintiffs' principal argument on this appeal is that none of the above-cited cases is factually similar to the case at bar. As plaintiffs state in their brief: "* * * in each of these cases, a non-resident plaintiff had a claim against a non-resident defendant, and attempted to prosecute it in the New Jersey courts, after pursuing the non-resident defendant here."

Our examination of these authorities convinces us that their pertinence cannot be so limited. We are satisfied that these decisions were based upon the broad proposition that the intendment of the statute was to protect causes of action accruing in New Jersey and New Jersey residents. As was stated in Beardsley v. Southmayd, supra, 15 N.J.L. at pages 176–177:

"In not one of our statutes of limitation, is their [sic] a saving clause in favor of absent, non-resident or foreign creditors; yet the doctrine contended for by the plaintiff's counsel, would place such creditor on a better footing in our courts, than our own citizens. It was, I apprehend exclusively in reference to causes of action accruing here, that the saving clauses were introduced. The language of the act of 1820, Rev. Laws, 670, clearly implies this. It enacts, that if any person against whom there is, or shall be, any such cause of action, shall not be resident in this State, when such cause of action accrues; or shall remove from this State, after the same shall accrue, then, &c. Now, why I would ask, make the resident out of, or the removing from this State, the contingency upon which the action shall be saved, unless upon the supposition that the cause of action accrued here, and the right of action existed here?

In respect to such cases, there is a reason why the action should be saved, upon those contingencies. In the first place, if the creditor resides here, or the contract was to be performed in this State, and the debtor resides out of this State, when the right of action accrues, the plaintiff ought not to be compelled to go abroad in search of his debtor; but should be permitted to sue him at any time within six years after he comes into the State; and in the second place, if the debtor or person liable to be sued, absconds or removes out of the State, he deprives his creditor or person entitled to the action, of the opportunity of suing him here, where the contract was to be performed, or the cause of action arose; and he ought not therefore to derive any advantage from his own voluntary absence." (Emphasis supplied).

More recently this construction has been reaffirmed in Shapiro v. Friedman, supra, 132 N.J.L. at pages 460–461, 41 A.2d at page 12, where the New Jersey Court of Errors and Appeals after reviewing the history of the statute stated:

"These statutes, in our view, are predicated on the idea of saving a resident creditor's action against a debtor who is non-resident when the action accrues or who leaves the state after the accrual and before the statute of limitations has run.

"It is true that the majority of the states have construed statutes of similar import differently on this point. See 83 A.L.R. p. 273; also Id., p. 276; 148 A.L.R. p. 732, p. 736. Some of the Statutes, we gather from reading the reports, are quite different from our own. Meyers v. Credit Lyonnais, 259 N.Y. 399, 182 N.E.Rep. 61, 83 A.L.R. 268. But even if they were not, we are persuaded that the rationale of our decisions, supra, is correct. The question is not an open one in this state and has not been for generations. The Legislature must have been

satisfied that our decided cases construing the statute coincided with their intention when it was made part of our law, else something toward clarification or change would have been effected through the years."

Under the admitted facts in this appeal, neither factor is present. The accident occurred in New York, the plaintiffs are residents of that state. The district court correctly held that they could not invoke the tolling provision of the statute.

The judgment of the district court will be affirmed.