**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| COLLEEN F. CLAY, | DOCKET NUMBER |
| Appellant, | DC-0752-13-0414-C-1 |
| v. | |
| CORPORATION FOR NATIONAL AND COMMUNITY SERVICE, | DATE: August 8, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward H. Passman, Esquire and Johnathan P. Lloyd, Esquire, Washington, D.C., for the appellant.

Angela R. Williams, Esquire, Washington, DC, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied the appellant's petition for enforcement of the initial decision that reversed her reduction in grade.  Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective June 28, 2010, the agency effected an action under 5 U.S.C. chapter 75, reducing the appellant in grade/pay band from her position as Director, Office of Emergency Management, NY-04, to the position of Assistant Director of Projects and Partnership, AmeriCorps National Civilian Community Corps, NY-03.[2] Initial Appeal File (IAF), Tab 7 at 21. Acknowledging that neither the appellant's conduct nor performance was at issue, the agency indicated that the action was necessary because of organizational changes eliminating the need for the appellant's position, *id.* at 23, although it stated that it was not taking the action pursuant to the reduction-in-force (RIF) regulations at 5 C.F.R. part 351, IAF, Tab 18. On appeal, the administrative judge reversed the action, finding in her July 10, 2013 initial decision that the agency failed to prove that the action promoted the efficiency of the service or that the penalty was reasonable. IAF, Tab 27, Initial Decision (ID) at 3-4. She ordered the agency to

---

[2] The action did not involve a change in salary. IAF, Tab 7 at 23.

cancel the action and to reinstate the appellant to her previous position or an equivalent position and pay band, effective June 28, 2010, and to award her back pay and benefits for the time period in question. ID at 7-8. The initial decision became the Board's final decision on August 14, 2013, when neither party filed a petition for review.

¶3 On September 27, 2013, the appellant filed a petition for enforcement in which she argued that the agency had not in fact canceled the action but rather had simply "realigned" her position, that it had not restored her duties or provided her back pay and bonuses to which she was entitled, and that it had notified her that the position to which she was reinstated was being abolished and that, within 60 days, she would be separated by RIF. Compliance Appeal File (CAF), Tab 1 at 6-8, 11-13. The agency responded that it was in all respects in full compliance with the Board's order.[3] CAF, Tab 3.

¶4 The administrative judge denied the appellant's petition for enforcement, CAF, Tab 9, Compliance Initial Decision (CID) at 1, 6, finding that the agency provided documentary proof that it had canceled the action and retroactively restored her to her former position as ordered by the Board, CID at 4. The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶5 An agency bears the burden of proving its compliance with a Board order, and assertions of compliance must be supported by relevant, material, and credible evidence in the form of documentation or affidavits. *See Bruton v. Department of Veterans Affairs*, 112 M.S.P.R. 313, ¶ 4 (2009); *New v. Department of Veterans Affairs*, 106 M.S.P.R. 217, ¶ 6 (2007), *aff'd*, 293 F.

---

[3] While the appeal was pending before the Board, the appellant filed an appeal of her separation by RIF, but she subsequently moved that the appeal be dismissed without prejudice to her refiling after issuance of the Board's final order in this compliance matter. The administrative judge granted the appellant's motion. *Clay v. Corporation for National and Community Service*, MSPB Docket No. DC-0351-14-0254-I-1, Initial Decision at 2 (Apr. 15, 2014).

App'x 779 (Fed. Cir. 2008). The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions on continued noncompliance. *See New*, 106 M.S.P.R. 217, ¶ 6.

¶6 In finding that the agency was in compliance with the Board's order, the administrative judge found that it showed that it had eliminated the appellant's position in June 2010 based on the recommendations of an outside consultant and that, to comply with the Board's order, it had recreated that position and reinstated the appellant to it in the same pay band, effective the date of her improper reduction in grade/pay band. CID at 4; CAF, Tab 3 at 19, 27. The administrative judge noted that, since the appellant's salary had not changed, she suffered no loss in pay as a result of the improper action. The administrative judge further found that, in 2012, the agency had reorganized its program offices, including the one to which the appellant was assigned following her demotion, within the Immediate Office of the Chief Executive Officer and that, to comply with the Board's order, the agency had retroactively realigned the appellant's Director position to that office, effective December 2, 2012. CID at 4; CAF, Tab 3 at 18, 20-22. The administrative judge considered, but rejected, the appellant's claim that she was entitled to the encumbered position of Senior Advisor for Disaster Services which the agency created in April 2011 and which, according to the appellant, was the same position as her former position with identical duties, but at a higher pay band. CID at 5.

¶7 On review, the appellant argues that the administrative judge erred in failing to make findings of fact as to whether the appellant's former position still exists or whether another existing equivalent position was available for her. PFR File, Tab 1 at 6-7. For an agency to comply with a Board order to reinstate an employee, the agency must generally return the employee to her former position. If the agency does not return the employee to her former position, it must first show that it has a strong overriding interest or compelling reason requiring reassignment to a different position and then that it has reassigned the employee

to a position that is substantially similar to the former position. *Gorny v. Department of the Interior*, 115 M.S.P.R. 520, ¶ 6 (2011). Here, as the administrative judge found, the agency submitted documentary evidence showing that it returned the appellant to her former position. CID at 4; CAF, Tab 3 at 19, 27. The agency had determined 3 years earlier that, because of an organizational change, there was no longer a need for that position. Therefore the appellant's original duties no longer existed in a single position but rather had been absorbed by another position at a higher pay band. *Compare* CAF, Tab 3 at 20-22, *with* Tab 3 at 31-34. The agency acknowledged that, given that situation, it could not and did not restore the appellant's former duties and instead it allowed her to close out her duties, CAF, Tab 1 at 21, noting that it had concurrently advised her that she would be separated by RIF in 60 days, CAF, Tab 3 at 18. Although the appellant describes "[t]he Agency's So-Called 'Compliance'" as a "Mere Sham," PFR File, Tab 1 at 8, arguing that the agency did not afford her status quo relief when it forced her to compete in the RIF, *id.* at 11-13, we agree with the administrative judge that, under these unique circumstances, the agency acted reasonably, that it demonstrated that it restored the appellant to her former position, and that it was otherwise in compliance with the administrative judge's order.[4] CID at 6; *See Bruton*, 112 M.S.P.R. 313, ¶ 9; *Doe v. Department of Justice*, 95 M.S.P.R. 198, ¶¶ 7-18 (2003).

¶8       The appellant also argues on review that the administrative judge failed to address her claim that she was entitled to some pay increase as part of the agency's compliance with the initial decision. PFR File, Tab 1 at 13-14. This argument relates to the appellant's claim that the duties and responsibilities of her former position essentially matched those of the higher-graded Senior Advisor for

---

[4] This finding has no bearing on the propriety of the agency's action separating the appellant by RIF. *Cf. Conaway v. U.S. Postal Service*, 93 M.S.P.R. 6, ¶ 13 (2002) (an agency is not precluded from taking legitimate personnel actions after the Board reverses an appealable action). As noted, that matter will be addressed and adjudicated in the context of the appellant's RIF appeal.

Disaster Services position that the agency had created in April 2011. On the contrary, the administrative judge considered the appellant's claim but found that the appellant was not entitled, as part of her compliance remedy, to a promotion to a new position at a higher pay band than the one she occupied at the time of her improper reduction in grade/pay band. CID at 5-6. In so finding, the administrative judge properly distinguished *Hoover v. Department of the Navy*, 57 M.S.P.R. 545, 558 (1993) upon which the appellant relied. The administrative judge found that, in *Hoover*, after the appellant's position was abolished, the agency appointed him to a completely different position that it could not show was substantially equivalent to his former position, whereas here the agency restored the appellant to her former position. Although the appellant argues that the administrative judge should have convened a hearing and allowed discovery on whether the appellant's former position was identical to the Senior Advisor for Disaster Services position, for the reasons set forth above it was not necessary for the administrative judge to make such a finding. Moreover, there is no indication in the record below that the appellant requested a hearing. *See Knight v. Department of the Treasury*, 113 M.S.P.R. 548, ¶ 16 (2010). In any event, the Board's regulations provide that the decision to hold a hearing in a compliance matter is discretionary, *King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 9 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); 5 C.F.R. § 1201.183(b), and the appellant has not shown that the administrative judge abused her discretion in this regard, *see Knight*, 113 M.S.P.R. 548, ¶ 16.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.